## McPherson v. Thompson, et al.

(Decided May 6, 1924.)

## Appeal from Todd Circuit Court.

1. Mines and Minerals—Possession of Surface Does Not Give Possession of Minerals Sold and Separated from Surface Estate.—At common law and under Kentucky Statutes, section 2366a, possession of surface does not give possession of mineral rights which have been sold and separated from surface estate, but presumption prevails that holder is trustee of minerals for use and benefit of owner.

2. Mines and Minerals—One May Acquire Title to Coal in Place by Adverse Possession.—One may acquire title to coal in place in lands by adverse possession under Kentucky Statutes, section 2366a.

3. Mines and Minerals—Possession of Minerals Must be Open, Notorious, Continuous, and Uninterrupted—"Adverse Possession."—To acquire title by "adverse possession" of minerals in place which have been separated from surface, possession must be open, notorious, continuous and uninterrupted, as well as actual and adverse.

4. Mines and Minerals—Surface Owner to Establish Title to Minerals Must Open and Work Mines Continuously.—In order for surface owner to acquire title by adverse possession of minerals in place, separated from surface, he must not only open and work mines, but actual possession and work must be continuous, uninterrupted, open, and notorious for the statutory period.

5. Mines and Minerals—Warranty Deed of Surface Does Not Give Vendee Possession of Mineral Estate Save as Trustee.—A general warranty deed without reservation or exception, made to surface after separation of mineral estate, does not give vendee possession of mineral estate save as trustee for owner.

6. Mines and Minerals—Demurrer Held Properly Sustained to Answer in Action Involving Mineral Estate.—In action by owner of mineral estate against owner of surface estate, answer claiming

title to mineral estate by adverse possession held demurrable for failing to state that possession of mines and seam of coal was continuous and uninterrupted.

EVERETTS S. PENICH for appellant.

BELCHER & BELCHER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

In 1886 William R. Moore and A. T. Moore, who owned a large boundary of land, including that described in the petition, conveyed all the coal in place in the lands to Thompson and Morgan. Later the mineral estate was reconveyed until it reached appellees, George B. Thompson and others. In the meantime the surface estate was conveyed, passing through several hands until it reached appellant McPherson. A short time before the action was commenced in the Todd circuit court by the appellees, Thompson and others, against appellant McPherson, the latter had been mining coal from the premises and placing it upon the market. Thompson and his co-plaintiffs alleged that they were the owners of the mineral by reason of the conveyance of Moore and Moore in 1886, and that McPherson was wrongfully taking and removing the coal, and prayed an injunction perpetually restraining McPherson from mining and removing the coal or otherwise disposing of it, and asked that McPherson be restrained from interfering with Thompson and his associates in the enjoyment of the coal mine, and from entering upon the land and taking and removing coal which they claimed as their own.

McPherson filed an answer, set-off and counterclaim in which it is averred in substance that he had recently learned of the fact that the Moores had conveyed the coal in place in April, 1886, to Thompson and Morgan; and in substance admitted that the mineral estate had been separated from the surface estate by deed properly placed to record. Further answering McPherson averred that each conveyance in his chain of title from the Moores for the surface of the land was one of general warranty without reservation or exception; that he and his predecessors in title took the title to the land believing that the whole estate was conveyed, including the coal and other minerals; that for many years next before the commencement of the action he and his predecessors in title had openly, notoriously and adversely claimed title to

the land and minerals and had openly and notoriously opened coal mines on the land and taken therefrom coal for their own use and sold and delivered it to other persons, and that this was carried on from time to time. There was no averment, however, that the adverse holding of the coal was continuous and uninterrupted.

A general demurrer was filed by appellees to the answer and sustained by the court, to which ruling appellant objected and excepted but stood upon his demurrer and declined to further plead. The court thereupon entered a judgment declaring Thompson and his associates the owners of the coal minerals in and under the tract of land described in the petition and adjudged the defendant, McPherson, the owner of the surface of the lands only. And further adjudged that McPherson and his agents and servants be perpetually enjoined from mining, wasting or otherwise disposing of the coal in the lands. From that judgment McPherson appeals.

The sufficiency of the answer, set-off and counterclaim is the only question presented. At common law the possession of the surface did not give possession of the mining rights which had been sold and separated from the surface estate. On the contrary the presumption prevailed that the holder of the surface was a trustee only of the minerals and held possession thereof for the use and benefit of the owner of the mineral. We have adopted this rule in several cases, including Farnsworth v. Barret, 146 Ky. 556; McBurney v. Glenmary Coal & Coke Co., 118 S. W. 694; Delaware & Hudson River Co. v. Hughes, 183 Penn. 638. In 1906 our General Assembly passed an act, now section 2366a, Kentucky Statutes, dealing with this subject and which reads as follows:

"Wherever the mineral or other interests in or rights appurtenant to and in this Commonwealth have heretofore passed, or shall hereafter pass, in any way, from a claimant in possession of the surface of said land, the continuity of the possession of such mineral, interests and rights shall not be deemed thereby to have been, or to be, broken; but the possession of the surface by the original claimant thereof, from whom such mineral, interests or rights passed, or by those claiming through or under him, or by virtue of a judgment against him in an action to which the holder of said mineral, interests or rights is not a party, shall be deemed to have been,

and hereafter to be the possession of such mineral interests and rights in said land for the benefit of said person, his heirs or assigns, to whom said mineral, interests or rights have or shall have passed as aforesaid.''

This statute we have held in Farnsworth v. Barret, *supra,* to be an expression of the common law prevailing in this state before the passage of the act. Of course, one may acquire title to coal in place in lands by adverse possession just as he may acquire title to other real estate by adverse possession. 2 C. J. 227.

Coal and other minerals in place are generally held, when separated from the surface, to be land and title thereto may be acquired by adverse possession as well as to the surface. When thus separated minerals are subject to all the rules of possession and conveyance by which other real estate is governed and the owner may invoke every legal right, assert and defend his title, that is provided for owners of title in fee to the surface, and no reason is perceived why he should be denied the *advantage* of operation of the statutes of limitation. Catlin Coal Company v. Llyod, 176 Ill. 275, 52 N. E. 144.

In order to acquire title by adverse possession of minerals in place which have been separated from the surface the possession must be open, notorious, continuous and uninterrupted as well as actual and adverse. The owner of the surface is regarded as trustee, in possession of the mineral for the use and benefit of its real owner, and he cannot acquire title by adverse possession to the mineral estate except in the way and manner which a trustee of other real property may acquire title against the *cestui que trust.* He is subject to all the rules controlling other trustees in possession. He must not only enter into the actual possession of the minerals by opening and working the mines but the actual possession must be continuous, uninterrupted, open and notorious for the statutory period. The mere opening of a coal mine by the surface owner and the taking of coal occasionally for domestic purposes or for sale in the neighborhood does not start the statutes running; nor will the opening and operating of such mines at intermittingly short periods but not continuously, for the statutory period does not ripen title to the mineral estate in the holder of the surface.

The courts generally hold that where a severance of estates has taken place and the surface is owned by one

person and the minerals by another both estates are regarded as land susceptible of sale and conveyance, or descent in the ordinary way to the same extent and in the same way that they would be if they were entirely separate and distinct tracts of land, severed perpendicularly instead of horizontally. In such 'case it is well understood that the possession of one tract of land does not effect the title to a separate and detached tract, and the same rule may be applied, it is said, to the mineral estate which has been severed from the surface estate.

Although one may sporadically enter upon the land of another and hold and claim it as his own for short periods he acquires no title no matter how long he keeps up these trespasses, for his possession is not continuous and uninterrupted. The same rule applies to minerals. The adverse possession which will ripen into title must be actual as distinguished from constructive, and although the surface owner may open a mine and enter and use it for a short period each year, in getting out coal for himself and for others in his community, yet if he does not continuously possess and use the minerals his possession does not ripen into title any more than if he should leave his farm to go on to that of another and cultivate a crop in a given year, and should not again enter upon and possess the place or use it for the purposes of cultivation or otherwise for months, even though this should be kept up for the period of fifteen years. In order for one to obtain title by adverse possession he must be in actual possession every minute, keep his flag flying, so that his possession gives to the original owner a cause of action against him every minute of the time from his entry until the statutory period has expired. If he leaves it untenanted for a single day he cannot add his past possession to any new possession he may take. So it is with the mineral estate. Although he lives upon and possess the surface that alone does not give him adverse possession in any sense of the word as against the real owner of the minerals. The adverse possession of a coal mine can be maintained only by the actual holding of the mine or seam of coal in actual possession, continuously and uninterruptedly for the full statutory period, and if it be abandoned for any period of time or the adverse holders cease for a period to operate it as a mine and to use it for the purpose of taking coal, the running of the statute in his favor is at an end. Asher v. Gibson,

198 Ky. 285; Foxwell v. Justice, 191 Ky. 753; Scott v. Laws, 185 Ky. 144. A most interesting discussion of the subject will be found in 1 R. C. L. 738 and 739. Many notes on the subject are added to the case of Kiser v. Mc-Lean, 140 Am. St. Reports, 951-52 and 969. See also Kentucky Block Cannel Coal Co. v. Sewall, decided in the U. S. Circuit Court of Appeals, Sixth Circuit, reported in 249 Fed. 840; 1 A. L. R. 556.

Under a note in 13 A. L. R. 372 are many cases collected on different phases of the subject.

A general warranty deed without reservation or exception made to the surface after the separation of the mineral estate from the surface, does not give the vendee possession of the mineral estate save as trustee for the owner of the minerals. He does not therefore acquire title to the minerals by adverse possession.

> "It is, no doubt, the general presumption," said the court in Armstrong v. Caldwell, 53 Pa. 284, "that a party who has possession of the surface of land has possession of the subsoil also, because, ordinarily, the right to the surface is not severed from the right to the strata below the surface. But this presumption does not exist when these rights are severed. Each then becomes a distinct possession. In such a case the possession of the surface, following the right, is as distinct from the possession of the minerals or subsoil strata, which have been severed in right, as is the possession of one tract of land from that of another not in contact with it. Hence it is settled that when, by a conveyance or reservation, a separation has been made of the ownership of the surface from that of the underground minerals, the owner of the former can acquire no title by the statute of limitations to the minerals, by his exclusive and continued enjoyment of the surface. Caldwell v. Copeland, 1 Wright 427. Nor does the owner of the minerals lose his right or his possession by any length of nonuser. Seaman v. Vandrey, 16 Ves. 390; Smith v. Lloyd, 9 Ex. 562. He must be disseised to lose his right; and there can be no disseisin by act that does not actually take the minerals out of his possession. There seems to be no reason why the statute of limitations should not be held applicable to all corporal hereditaments including those that are only subsurface rights." Kiser v. McLean, 140 State Reports 953.

As the answer of appellant McPherson did not aver that his possession of the mines and seam of coal had been continuous and uninterrupted, it did not state a good cause of defense, for it is admitted on demurrer that his holding of the coal minerals on the tract of land was not continuous and uninterrupted. The trial court therefore properly sustained the general demurrer to his answer, set-off and counterclaim and adjudged him entitled to the surface only, and the appellees to be the owner of the coal mineral estate.

Judgment affirmed.