# Theobald v. Heileman et al.

(Decided March 24, 1936.)

F. A. HARRISON for appellant.

L. M. ACKMAN for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On the 10th day of October, 1932, G. V. Theobald, plaintiff below, and Edward A. Heileman and Roscoe C. Lucas, partners, defendants below, entered into a written contract by the terms of which (1) plaintiff sold to defendants his drugstore, including all merchandise therein, exclusive of the fixtures, for the agreed price of $4,670, which sum was paid; (2) defendants were given the privilege to purchase the fixtures of plaintiff within six months after October 10, 1932, the effective date of the contract, for the sum of $2,891.62, with the privilege of using the fixtures during said six month period for a rent of $25 per month,

and, in the event they exercised their privilege to purchase the fixtures, the rents so paid were to be credited on the purchase price; (3) defendants were to pay plaintiff $50 per month rent for the first floor and basement of the building in which the business was conducted for a period of one year, with the privilege of renewing the lease for two consecutive five-year periods; and (4) plaintiff was to build an additional room in the rear of the main store room on or before July 1, 1933, of at least 20x25 feet dimensions, same to be shelved to suit the defendants and to be in lieu of and replace the back room then in existence and adjoining the main store room.

That part of the contract relating to the fixtures reads:

"It is further agreed that the parties of the second part have the privilege of buying all fixtures in said store for the price of Two Thousand Eight Hundred and Ninety-One and 62-100 Dollars ($2,891.62) within six (6) months from the date of this contract. The parties of the second part shall pay to the party of the first part the sum of Twenty-five Dollars ($25.00) per month for the use of said fixtures until such time as they may buy same under the terms above set out; this to be in addition to the rental for the first floor and basement of said building, which is owned by G. V. Theobald, hereinafter set out, and the said rental price of $25.00 per month for the fixtures is to be applied on the purchase price if the party of the second part buys same within six months from the date of this contract. An itemized statement of the fixtures owned by the party of the first part is filed herewith as a part hereof and the parties of the second part agree that they will return fixtures upon the expiration of said lease in as good condition as when received by them ordinary wear and tear unavoidable casualty excepted."

Pursuant to the contract, defendants took possession of the store and fixtures therein and paid as rent therefor $75 per month—$50 per month for the building, and $25 per month for the fixtures for the six-month period of time in which they had the privilege of purchasing the fixtures as provided in the contract.

On April 12, 1933, defendant notified plaintiff that they did not desire to exercise their option to purchase the fixtures at the price of $2,891.62 as stipulated in the option or privilege to purchase them, and, if they could not agree on the price of said fixtures, they preferred to furnish their own fixtures.

Being unable to agree with plaintiff on either a purchase or rental price of the fixtures, defendants refused to pay further rents thereon after the expiration of the six-month period in which they had the privilege of purchasing them, but continued to pay $50 per month for the building as provided in the contract.

On July 1, 1933, defendants notified plaintiff of their intention to renew their lease for a period of five years beginning October 13, 1933, on the terms stipulated in the contract, and also called plaintiff's attention to the fact that he had failed to construct, or to begin to construct, the additional room at the rear of the main store building according to the terms of the contract, and that they were sustaining damages to their merchandise and business by reason of the defective condition of the rear room then in existence, and that, unless he constructed said room, they would assert a claim against him for such damages as they may sustain by reason of his failure to comply with the terms of the contract; and further notified him that they were willing to pay a reasonable rent for the use of the fixtures, or, if he desired to remove same, they were ready, able, and willing to return same to him in as good condition as they were when they received them, ordinary wear and tear and unavoidable casualty excepted, and that they were willing to discuss such terms with him at any time.

But, the parties failing to agree on any terms relating to the fixtures, in September, 1933, plaintiff filed his petition in equity in the Grant circuit court alleging that defendants had breached the contract, in that they had failed to pay rent on the fixtures for the past five months, and prayed to recover of them $125 for rent and that the lease on the building be canceled and that he be restored to the possession of his premises.

Defendants filed their answer and counterclaim, in which they denied that they had breached the contract or we're indebted to plaintiff in the sum of $125 or other amount, and alleged that they had promptly paid

the $50 per month rent on the building, and $25 per month rent for the fixtures for the six-month period in which they had to purchase same, and further pleaded the terms of the contract and facts indicated above; and, further, that plaintiff had breached the contract in failing to construct the additional room at the rear of the building, and as a result thereof they had been damaged at the rate of $25 per month from the 1st day of July, 1933, and such damages would continue until such time as plaintiff completes the said room according to the terms of the contract.

By subsequent pleadings the issues were made and the evidence taken, and the chancellor found and adjudged (1) that plaintiff was not entitled to a rescission of the contract; (2) that the plaintiff recover of defendants $25 per month for rent of fixtures from the 13th day of April, 1933, to September 13, 1934, with interest on each installment from the date it was due until paid; (3) that the defendants recover of the plaintiff the sum of $25 per month for loss of use of the room plaintiff contracted to build from the 1st day of July, 1933, until September 13, 1934, with interest on each installment from date it was due until paid; and (4) that plaintiff pay the cost of the action.

Plaintiff and defendants both excepted to the judgment and prayed appeals which were granted, and plaintiff has prosecuted his appeal, but defendants have prosecuted no cross-appeal.

Plaintiff insists that the failure of defendants to pay rent on the fixtures constituted a breach of the contract in its entirety, and for that reason the judgment should be reversed. We are unable to accept this view.

Those parts of the contract relating to the lease of the building and the use of the fixtures were separate units, although embraced in one and the same contract. The lease contract on the building was independent and separate from that part of the contract relating to the fixtures. If it be conceded that defendants breached their contract to pay rent on fixtures, such did not constitute a breach of the lease contract. By the terms of the contract relating to the fixtures, defendants were not bound to purchase them nor were they bound to pay the rent thereon stipulated in the contract beyond the six-month option period. However, inasmuch as the parties were unable to agree on

either a purchase or rental price of the fixtures after the expiration of the six-month period, and defendants continued to use such fixtures, they were only bound to pay a reasonable rent for the use of same; and as to what would be a reasonable rent the evidence is conflicting, but, upon an examination of the evidence for ourselves, we conclude that it is sufficient to support the finding of the chancellor that $25 per month was a reasonable rent for that particular period. But, in view of the probable depreciation of the fixtures in the future, we express no opinion as to what would be a reasonable rent for the use of them beyond the effective date of the judgment in the event the parties are unable to agree on any terms and defendants continue to use them.

With reference to plaintiff's failure to construct the additional room as provided in the contract, there is no escape from the conclusion that this constituted a breach of the contract, and defendants had the right to elect to proceed against plaintiff, as they did, for damages, or to declare a forfeiture of the lease contract on the building.

It is insisted for appellant that the evidence fails to show that defendants in fact sustained any damages by reason of the failure of plaintiff to construct the additional room and that it was mere speculation and conjecture on the part of the chancellor in awarding damages therefor.

Defendants testified that the old room was in bad condition in many respects. The roof leaked in various places and the floor was "buckled up," open, dirty, and unsanitary and it was impracticable, if not impossible, to keep it in a sanitary condition; that a member or representative of the state board of health examined the old room and criticized it as being unsanitary. They further testified that they did not purchase as large a stock of goods and merchandise as they would have done had the new room been constructed, thereby affording them a sanitary and fit place to store their surplus stock, and by reason of curtailing their stock, and the open and unsanitary condition of the old room, they had suffered considerable damage to their business.

It appears that defendant served ice cream and

perhaps other edibles in the room and conducted a general drug store business. It is common knowledge that in places where edibles are served it is important that such places of business be kept in a sanitary condition and an attractive appearance be maintained. While the evidence is not definite as to damages or injury to any particular article of merchandise, yet, on the whole of the evidence, it cannot be said that defendants did not sustain any damages and we are unable to say that the evidence is insufficient to sustain the finding of the chancellor on this item.

The further insistence is that, at the time defendants filed their original answer and counterclaim, October 4, 1933, they asked to recover of plaintiff damages by reason of having failed to construct the additional room to the building from July 1, 1933, to the date of the filing of their pleadings, but filed no additional pleadings for damages which accrued after filing the original answer and counterclaim up to the time of the trial, September 13, 1934, and for that reason the pleadings do not support the judgment of the chancellor for any damages which may have accrued during that interval. But we also find that at the time the plaintiff filed his action he asked to recover the sum of $125, representing five months' rent, and thereafter, in his reply to defendants' answer and counterclaim, he asked to recover rent which had accrued from the filing of his petition up to the time of the trial. This should have been done by an amended petition instead of by reply. It will thus be seen that as to the pleadings of the respective parties they are pari delicto. But, be that as it may, these questions should and must be determined upon the fact that neither party made any objections to the pleadings during the progress of the trial, and the case was practiced by the parties, and so treated by the chancellor, as though the pleadings and issues were complete, and in these circumstances this court will treat it likewise. Hardin's Committee et al. v. Shelman, 245 Ky. 508, 53 S. W. (2d) 923.

The evidence on both issues covered the entire period of time from the filing of the petition and answer and counterclaim, respectively, up to the time of the trial, and was taken into consideration by the chancellor in arriving at his findings of fact and conclusions of law. In these circumstances, no prejudicial effect

could have resulted to either party. When parties fail to object or raise questions in respect to pleadings or other procedural matters, such will be treated as having been waived.

Upon the whole case we think the chancellor's findings of fact and conclusions of law are supported by the record.

The judgment is affirmed.