## Justice et al. v. Rollins et al.

(Decided June 4, 1937.)

F. W. STOWERS and W. B. TAYLOR for appellants.

J. A. RUNYON and RUSSELL VANOVER for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

The question for decision in this case is whether or not the Church of God, or Holiness Church, of Pikeville, has acquired title by adverse possession to the property of the African Methodist Episcopal Church in Pikeville. The Methodist Church was organized about 1891, and on the 27th of May, 1891, Mrs. Kentucky Ferrell and her husband deeded a certain lot in Pikeville to Smith Spicer, James Justice, and William Poage, as trustees of the A. M. E. Church, and a church was constructed on this property. In 1913 the property was exchanged for another lot, and a deed taken from Henry Seagraves and wife to Dick Honaker, Jane Horton, and Sarah Williams, as trustees for the church. The church building was moved to the new lot. In about 1912 or 1913 the Church of God in America of Pikeville, or Holiness Church, was organized. Dick Honaker, one of the original trustees of the Methodist Church, joined the Holiness Church, and for a number of years the Holiness Church has held its meetings in the Methodist building. There seems to have been a gradual disintegration of the Methodist congregation, and the proof indicates that no representatives have been sent by that church to the State Conference since 1914. There have been sporadic meetings of Methodists held in the church, although none of the witnesses are able to give the dates or even the approximate dates of these assemblies other than that they have occurred within the last fifteen years. Some years after the church was moved to the new lot it burned down, and a new building was erected in its place, as a result of public subscription. This building in turn fell into disrepair and has but recently been repaired by the school authorities, who have been using the building during the week for a school. Several months before this suit was filed, one Brother Brinkley undertook to hold a meeting of Methodists in the church. Brother Brinkley does not testify in the case, and, so far as the record shows, has never exhibited any credentials as a minister of the African Methodist Episcopal Church. It is asserted in briefs that he has left Pikeville and is now a professional medium in Louisville, although it was he who undertook to appoint a new group of trustees for the church. The record does not disclose just what occurred on the occasion of Brother Brinkley's attempt to hold a service, but shortly thereafter the members

of the Holiness Church nailed down the windows and changed the lock on the door, and this suit was thereupon filed by the trustees appointed by Brinkley, in which it was asked that the bishop and trustees of the Holiness Church be ejected from the church building and that they be enjoined from entering or holding services therein, and that it be adjudged that the plaintiff trustees are the owners in fee of the property.

The defendants filed a special demurrer to the petition by which they questioned the capacity of the plaintiffs to sue, and, that demurrer being overruled, they have undertaken to establish title in themselves by adverse possession and further that the plaintiffs have estopped themselves from now asserting title to the property.

The appellant James Justice was one of the original trustees of the Methodist Church and testified that he has never been succeeded in that office by any one else. The destruction of the church records by the fire has naturally resulted in a failure to establish any rights of record in the other purported trustees. Whether they are de jure trustees or a committee, or whether, under the peculiar circumstances of this case, they may be said properly to sue simply as remaining members of the disorganized congregation, it seems to us that the court correctly overruled the special demurrer to the petition. Humphrey v. Burnside, 67 Ky. (4 Bush) 215; Scott v. Curle, 48 Ky. (9 B. Mon.) 17.

Appellees' attempt to work out an estoppel against the claim of the Methodist Church rests in the assumption that the appellants stood by and permitted the members of the Holiness Church to expend money to rebuild the church building without asserting their title to the property. Appellees cite no authority for their contention, and the proof indicates that the church was actually rebuilt through the joint efforts of the members of both churches. Furthermore, it is not even contended that the members of the Holiness Church did not know at the time that their use of the Methodist property was purely permissive and that they were building a Methodist, and not a Holiness, church. In addition to all this, the proof indicates that the rebuilt church had itself fallen into disrepair and had depreciated as a result of the use to which it was put by the members of the Holiness Church. The recent repairs have been

made, not by the members of either church, but by the school authorities. Certainly, appellees have received the benefit of all that they have put into the building, to say nothing of the value of the use of the Methodist property. We can find in these facts no basis for an estoppel.

Finally, it is asserted that title to the property is now in the Holiness Church by virtue of its alleged adverse possession thereof for more than fifteen years. The record title having been shown to rest with the Methodist brethren, the burden of establishing title by adverse possession rested in the appellees. Several witnesses testified that at the time when the Holiness Church was organized it had no place to meet and that its congregation was invited, or permitted as a matter of grace, to make use of the Methodist building. No attempt is made to show any fact which would indicate that the use by the members of the Holiness Church was other than permissive until the time when the windows were nailed down and the lock on the door was changed, just before the institution of this suit. There is nothing prior to that time from which we might properly infer a hostile possession or, indeed, a claim of right, other than the right to use the church under the permission of the constituted authorities of the Methodist Church. Compare Louisville & N. R. Co. v. Cornelius, 165 Ky. 132, 176 S. W. 964; Gibson v. Madden, 229 Ky. 273, 17 S. W. (2d) 263. It follows that the chancellor erred in dismissing the appellants' petition.

Judgment reversed for proceedings consistent herewith.