## Vorhes et al. v. Dennison et al.

June 19, 1945.

428

Wheeler & Wheeler for appellants.

W. J. Ward for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The question presented is the ownership of the minerals in 200 acres of land located in Johnson and Martin counties. The surface of the 200-acre tract of land is owned by the heirs at law of R. W. Dennison and Maggie L. Dennison, including the appellee Walker Dennison and the heirs of James Dennison, deceased. A severance of the surface and mineral estates was made by deed dated January 14, 1888, when James Wells and wife conveyed all the minerals underlying this tract of land to Robert Lucas. When Lucas died intestate the mineral estate was inherited by his two daughters, Alma Blanche Lucas and Martha Richards, wife of John M. Richards. Alma Blanche Lucas conveyed her undivided interest to Thomas M. Sellards and Dorothy Sellards, who conveyed it to Martha Richards on June 3, 1909. By a deed dated November 28, 1913, but not lodged for record until April 21, 1938, Martha Richards and John M. Richards conveyed the mineral estate to their daughters, Carrie C. Vorhes and Jessie Gutches, the appellants on this appeal. Some time subsequent to 1888, the title to the surface of the 200-acre tract became vested in Maggie L. Dennison and R. W. Dennison, and upon their deaths intestate, the surface was inherited by their children, including their two sons Walker Dennison and James Dennison, who were made defendants in the present action. On December 10, 1915, Martha Richards and John M. Richards brought an action in the Johnson circuit court against Maggie L. Dennison and her husband, R. W. Dennison, to quiet their title to the minerals under the 200-acre tract and to enjoin the defendants from mining and removing coal therefrom. The defendants in that action denied that Martha Richards was the owner of the

minerals, and pleaded affirmatively that they had been in the actual, adverse, peaceable, and uninterrupted possession of the land, residing thereon, cultivating the soil, digging and mining the coal for more than 15 years next before the institution of the suit, and were the owners of the minerals by adverse possession. On April 17, 1922, a judgment was entered adjudging that Martha Richards and John M. Richards were the owners in fee and entitled to the possession of the minerals underlying the 200-acre tract of land and quieting their title thereto. The defendants were enjoined from mining or removing any of the minerals. On January 22, 1940, Carrie C. Vorhes and Jessie Gutches brought this action against Walker Dennison and James Dennison. They alleged that the defendants were claiming some interest in the minerals underlying the 200-acre tract of land and were removing coal therefrom. They asked to be adjudged the owners of the minerals, and that the defendants be enjoined from committing further trespasses. Walker Dennison and James Dennison defended on the ground that they were the owners of the minerals by adverse possession. James Dennison died in October, 1941, and the action was revived in the names of his heirs at law. On submission of the case the court denied the relief sought by the plaintiffs, and adjudged that the defendants had acquired title to the minerals by adverse possession.

The proof shows that an entry had been made on that part of the land lying in Johnson county, and had been driven 360 feet into the mountain. Most of the coal had been taken out subsequent to 1935 when a road, referred to in the record as a CCC road, was constructed through the property. The land lies in an isolated section of Johnson county, and prior to the construction of the road there was no practical means of getting the coal to market. The entry was made prior to the institution of the suit by Martha Richards and husband against the elder Dennisons in 1915. The record in that suit, filed as evidence in the present action, discloses that coal taken from the entry had been sold to the Rockcastle Lumber Company, which operated a narrow gauge tram road in the vicinity. Some time subsequent to 1915 the tram road was abandoned, and the rails removed. The defendants in the present action, Walker Dennison and James Dennison, sought to avoid the force of the 1922 judgment by claiming they were not parties in that ac-

tion; that they and not their parents were the trespassers who mined and sold the coal to the Rockcastle Lumber Company; and that they began mining coal on the property in 1905 and mined it continuously thereafter until 1940, when this action was instituted. The evidence fails to sustain their claim. Walker Dennison was 13 and James Dennison 5 years of age in 1905. Only a small amount of coal was taken from the property prior to 1935, when a road was constructed through the land, and most of this was the coal sold to the operator of the tram road prior to the institution in 1915 of the suit by appellants' parents against the Dennisons. After the construction of the road in 1935, Walker Dennison and James Dennison mined coal from the old entry and shipped it by truck. Therefore the property was inaccessible to trucks. There is some evidence that occasionally small quantities of coal were hauled from the premises by neighbors on sleds or small wagons. The evidence falls far short of establishing title to the coal in Walker and James Dennison by adverse possession. Where ownership of the surface and of the minerals has been severed, title to the minerals may be acquired by adverse possession provided there has been actual, open, notorious, continuous, and hostile possession of the minerals for the statutory limitation period. The owner of the surface estate, or some other person, must have taken actual possession of the minerals by opening and operating mines for the statutory period. Mere possession of the surface will not give title to the minerals by adverse possession. Curtis-Jordan Oil & Gas Co. v. Mullins, 269 Ky. 514, 106 S. W. 2d 979; Petroleum Exploration v. House, 268 Ky. 631, 105 S. W. 2d 804; Hale v. Horn, 265 Ky. 560, 97 S. W. 2d 402; Piney Oil & Gas Co. v. Scott, 258 Ky. 51, 79 S. W. 2d 394. As said in the annotation in 13 A. L. R. 381, "the occasional mining of coal by the surface owner, for domestic purposes, or otherwise, does not constitute adverse possession of the severed mineral estate." In Prewitt v. Bull, 234 Ky. 18, 27 S. W. 2d 399, 401, the ownership of the surface and mineral estates in a tract of land, known as the Davis land, had been severed. In an action against the surface owner to enjoin him from digging and removing coal from the land, one of the defenses interposed was that any right the plaintiff had in the land had been lost by the adverse possession of the defendant and those under whom he claimed. The lower court adjudged the

plaintiff the owner of the minerals underlying the land, and enjoined the defendant from digging coal therefrom, In affirming the judgment, the court said:

"The evidence shows that for the past several years appellant had gone upon the Davis land and had mined small quantities of coal which he sold in the neighborhood. These operations were not continuous, but were confined to the winter months. It has often been held that occasional entries on land and occasional cutting of timber are not sufficient to start the Statute of Limitations. * * * The most that can be said of appellant's claim that he had become the owner of the coal and timber through adverse possession is that he had from time to time and from year to year entered the mine and removed coal therefrom. He was the owner of the surface, but this did not place him in possession of the coal or timber which had been conveyed away."

The party setting up and relying on adverse possession has the burden of proving it, and to succeed he must prove all the elements necessary to establish it. Warfield Natural Gas Co. v. Ward, 286 Ky. 73, 149 S. W. 2d 705; Justice v. Rollins, 269 Ky. 74, 106 S. W. 2d 140; Melton v. Sparks, 263 Ky. 591, 92 S. W. 2d 737. The appellees wholly failed to meet this burden.

It is argued that appellants failed to reply to the plea of adverse possession in appellees' answer, and the plea should be taken as confessed. A large amount of proof was taken, all directed to the issue of adverse possession. No question was raised in the lower court as to the alleged failure of the plaintiffs to file a reply, and the parties treated the pleadings and issues as complete. Under these circumstances, this court will likewise treat the answer as controverted. Hacker v. Clay County, 291 Ky. 614, 165 S. W. 2d 172; Schwartz Amusement Co. v. Independent Order of Odd Fellows, 278 Ky. 563, 128 S. W. 2d 965; Theobald v. Heilman, 263 Ky. 493, 92 S. W. 2d 802.

The judgment is reversed, with directions to adjudge appellants the owners of the minerals and to enjoin the appellees from digging or removing coal from the land described in the petition.