Roma WARD et al., Appellants,

v.

Julia Preston WOODS et al., Appellees.

Court of Appeals of Kentucky.

Feb. 7, 1958.

Wheeler & Wheeler, Paintsville, for appellants.

W. A. Johnson, Fred Howes, Paintsville, for appellees.

STANLEY, Commissioner.

By an original complaint and interpleading, numerous heirs of Eliphas Preston, appellees herein, sought judgment against Roma Ward and Bob Meek, appellants herein, to quiet title of the heirs in and to coal and mineral rights in two tracts of land, to enjoin the defendants from mining coal or otherwise interfering with the interests of the heirs and to recover damages in the sum of $2,500 for trespass. The defendants denied the allegations of title in the heirs, set up their own rights and sought $5,000 in damages alleged to have been caused by the wrongful claims asserted against their title. The case pursued a leisurely course following the filing in May, 1948, until it was decided by a special judge in November, 1956. The judgment quieted title in the Preston heirs to the coal in tract No. 1 as against Ward and Meek but dismissed the heirs' claim for damages. Ward and Meek were permanently enjoined from mining and removing coal from that tract. The judgment denied the heirs' claim to the coal in tract No. 2 and dismissed the counterclaim for damages of Ward and Meek. As indicated in the caption, only Ward and Meek appeal.

Eliphas Preston had title to a tract of about one hundred acres on the Big Sandy River and Tom's Creek above and at its mouth in Johnson County. The tract was divided by a smaller stream into two parcels, each containing approximately fifty acres. The parcel on the river is referred to in the record as the Lower or No. 1 tract, and the other as the Upper or No. 2 tract.

On April 24, 1854, Eliphas executed a deed to the coal and mining rights of an indefinitely described boundary to Richardson and Wilson. It is conceded this deed covered all of No. 1 tract and apparently embraced a part of No. 2 tract, but the Preston heirs have contended it did not embrace any part of the latter tract. Later Eliphas conveyed the surface of parcel No. 1 to Mary Ward and her children but excepted the coal and timber therein. On March 18, 1858, Eliphas deeded the surface of the Upper or No. 2 tract to William Ward and reserved or excepted the coal from the conveyance. It is conceded that by mesne conveyances Roma Ward became the owner of the surface of both tracts and the coal on tract No. 2. In 1948 Ward executed a coal lease of all the one hundred acres to Meek, who thereafter began mining the coal.

In quieting title of the Preston heirs to the coal in tract No. 1, the judgment made it applicable only insofar as Ward and Meek are concerned since no persons who might represent or claim the mineral rights conveyed in 1854 to Richardson and Wilson were parties to the suit. Because of insufficient evidence, the court did not undertake to define definitely the boundary line between tracts No. 1 and No. 2 insofar as the conveyance of the minerals in No. 1 may have embraced part of No. 2, as it seems to have done.

The case was resolved into the question as to whether as a matter of evidence the appellants, as owners of the surface, established their claim to title in No. 1 tract by proving adverse possession of the coal since they did not have a record title to it.

KRS 381.430 provides that possession of surface of land shall be deemed to be for the benefit of the owners to whom the mineral interests or rights in the land have passed. Judge Church Ford, of the United States District Court for the Eastern District of Kentucky, has well construed the statute and the Kentucky law in relation to this trustee relationship in Kentucky River Coal Corp. v. Singleton, D.C., 36 F.Supp. 123, 125, in the following language:

"Under this statute, the Kentucky authorities are unanimous in holding that after severance of the mineral title one who acquires possession of the surface from the same grantor is deemed to hold possession of the minerals as trustee for the holder of the mineral title and, in the absence of an explicit disclaimer and clear repudiation of this subsisting relationship in a manner sufficiently open and notorious to bring home to the mineral owner knowledge or notice of the hostility of the surface holder's possession, the surface holder, being a trustee in possession, can never acquire title of his cestui que trust by any length of possession for his possession never becomes adverse. The possession of the mineral owner thus being preserved and protected by the statute is not lost nor its continuity interrupted by any length of non-user."

We have held may times that in order for the surface owner to obtain title by adverse possession to the minerals which constitute a severed estate, he must have openly disavowed or repudiated the trust declared by the statute and have exercised dominion over the mineral estate and brought notice thereof to the owner of that estate. Petroleum Exploration v. House, 268 Ky. 631, 105 S.W.2d 804; Curtis-Jordan Oil & Gas Co. v. Mullins, 269 Ky. 514, 106 S.W.2d 979.

The trial court found as a fact that there had never been any use or notorious claim by the surface owner of this land, that is, Roma Ward and his predecessors in title, which could be regarded as adverse possession of the minerals. Indeed, about the only substantial evidence to support the claim is that some coal had been taken out from time to time for domestic use. That does not constitute adverse possession of the severed mineral estate. Vorhes v. Dennison, 300 Ky. 427, 189 S.W.2d 269. We accept the finding of fact. CR 52.01.

The judgment is affirmed.