**William R. GRIFFITH et al., Appellants,**

v.

**J. C. MILLER OIL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 29, 1961.

Woodward, Bartlett & McCarroll, Owensboro, for appellants.

Byron, Sandidge, Holbrook & Craig, Gwin & Iler, Owensboro, Wilbur F. Dassel, Evansville, Ind., for appellees.

CLAY, Commissioner.

This controversy involves the ownership of mineral rights in a 100 acre tract. Appellants claim title through the heirs and devisees of William and Remus Griffith. Appellees claim title by adverse possession. The issue in the case is whether the mineral estate was many years ago severed from the surface estate so that appellees' adverse possession (which ad-

mittedly gave them title to the surface) was ineffective to give them title to the minerals.

The facts are stipulated. The chancellor concluded as a matter of law that the mineral estate had not been sufficiently severed and upheld appellees' claim of title by adverse possession.

William and Remus Griffith, brothers, died in the 1840's. They had jointly owned in fee simple the 100 acre tract in controversy (part of a 375 acre tract) which apparently descended to heirs or devisees under the brothers' respective wills.

In 1860 a suit was brought to partition the land jointly owned by the heirs and devisees. Item 3 of the stipulation provides:

"That on March 22, 1860, said property not having been sold or conveyed, pursuant to orders of the McLean Circuit Court in an action pending therein, the court's commissioner *sold and conveyed the surface only* of the 375-acre tract to Daniel M. Griffith and Clinton Griffith, *who were executors of William R. Griffith,* but the minerals, including oil and gas, pursuant to proper orders of said court, were excepted from said conveyance by the following language: '*Only the mineral privileges are jointly held by the heirs of Remus Griffith* decd and W. R. Griffith decd.'" (Our emphasis.)

Subsequently the executors of William's estate executed a bond for deed for the 100 acre tract (part of the 375 acres) to one Crawford. The land was never conveyed to Crawford but he later sold it to one Hardin, who sold it to one Hayden. Appellees base their claim of adverse possession upon occupancy of the surface under color of title through the deed of Hardin.

■ The parties do not question the controlling principle of law if the mineral estate was *severed* from the surface es-

tate. In that event adverse possession of the surface alone, no matter how long continued, would not create title to the minerals. KRS 381.430; Ward v. Woods, Ky., 310 S.W.2d 63. The sole issue in this case is whether or not the conveyance by the court commissioner in 1860 (as described in item 3 of the stipulation above quoted) constituted a severance of the minerals. We do not know how this could be more effectively accomplished.

The chancellor took a different view, and his reasoning follows. The heirs and devisees of William owned the minerals jointly (or as tenants in common) with the heirs and devisees of Remus at the time the commissioner's deed was executed. At that time they also owned a similar interest in the surface. The conveyance to William's executors did not *sever* the minerals from the surface but simply *enlarged* the estate of the heirs and devisees of William from joint to absolute ownership of the surface.

■ The significant fact, however, is that the conveyance created a *new and separate estate* in the surface. The legal title thereto passed to Daniel and Clinton Griffith, thereby completely segregating it from title to the minerals. That was the recited purpose of the conveyance. We fail to see how the circumstance that William's heirs and devisees had formerly owned some interest in the surface could alter the legal effect of this deed.

There is a dispute as to whether William's executors took title to the surface in their individual or representative capacities. This is not material. Even if they held such title in a fiduciary capacity for certain persons who had once had an interest therein, the conveyance on its face created two entirely distinct and independent estates in the surface and in the minerals. This constituted severance. 58 C.J.S. Mines and Minerals § 152, p. 306.

The surface estate and the mineral estate having once been clearly severed by

deed, the executors could not thereafter convey title to the minerals nor could anyone thereafter, by adversely possessing the surface only, obtain title to the minerals by such possession. In our opinion the chancellor misconstrued the legal effect of the commissioner's deed and erroneously adjudged appellees' title to the minerals.

The judgment is reversed for the entry of one consistent with this opinion.