Mrs. Katherine COWHERD et al., etc., Appellants,

v.

Mattie E. BROOKS et al., etc., Appellees.

Court of Appeals of Kentucky.

June 26, 1970.

Chat Chancellor, Chancellor & Darnell, Frankfort, for appellants.

William M. Johnson, Frankfort, for appellees.

OSBORNE, Judge.

This is an appeal from a judgment of the Franklin Circuit Court in which appellees as trustees of the Little Church of Jesus Christ were adjudged the owners of a certain church building and lot at the corner of Third and Murray Streets in Frankfort, Kentucky. Appellants are the trustees of Zion Tabernacle of Frankfort, Kentucky. The judgment of the lower court is based upon findings of fact that the appellees had adversely claimed the property for more than the 15-year statutory period and that the deed by which appellants acquired record title is void as being champertous and in contravention of KRS 372.070.

Briefly, the facts are as follows. A local congregation of the Methodist Church solely owned and used this property until 1937 when another congregation, "The Triumphant Church of God and Christ," also began using the premises for church services. The head of this new-comer group was Miss "Mother" Swain. During this permissive, joint-use period a dispute arose as to who had the right to use the premises. There is testimony by one of the appellees, Mattie L. Brooks, that this dispute was resolved in 1938 or 1939 by Franklin County Judge Honorable L. Boone Hamilton, who decreed that each congregation had as much right to use the church as the other, and directed that they alternate Sundays to hold their services. The Methodist congregation dwindled away as a result of this Solomonesque edict, but the Triumphant congregation continued for many years as the sole congregation, using the building for worship and possessing the key to the church building. The principal appellee, Mattie L. Brooks, left Frankfort around 1941 and returned to Frankfort, and the still existent Triumphant Church, in 1953. Mattie Brooks testified that after a time the Triumphant Church congregation gradually died off. Among the last members were Mattie Brooks' mother, now deceased, Mrs. Rice, now deceased, Miss Swain (who is "no longer able to be in the ministry)", Mrs. Quincy and Mattie Brooks herself. Mattie Brooks further testified that around 1965 Reverend and Mrs. Boyd, along with herself (Mattie Brooks), formed the Little Church of Jesus Christ. Mattie Brooks continued with her duties of teaching Sunday School in the new congregation. She testified that she was the only active member of the church who remained when Reverend and

Mrs. Boyd came over. Mrs. Quincy was still a member, but she was not active.

One of the main arguments by appellant is that the appellees, and those through whom they claim, have failed to show any adverse claim but have shown a permissive use. Section 37 of 3 Am.Jur.2d, at page 123, states: "It is the general rule that where entry upon land has been by permission of the owner or under some right or authority derived from him, adverse possession does not commence to run until the permission or authority has been clearly repudiated by the occupant. A possession originating by permission is not adverse unless there is a clear disclaimer of the rights of the owner. One whose possession of land began in admitted subordination to the title of another has the burden of establishing a subsequent change in the character of his possession. Nothing but a clear, unequivocal, and notorious disclaimer of the title of the true owner will suffice to change the character of possession by permission.

"A permissive occupant cannot change his possession into adverse title no matter how long possession may be continued, in the absence of a clear, positive, and continuous disclaimer and disavowal of the title of the owner brought home to the latter's knowledge; there must be either actual notice of the hostile claim, or acts or declarations of hostility so manifest and notorious that actual notice will be presumed in order to change a permissive or otherwise non-hostile possession into one that is hostile."

■ Appellee argues that although the possession of the Triumphant Church was originally permissive, it became hostile as a result of the dispute with the Methodists as to who should hold meetings on what nights. The fact that the Franklin County Judge divided the time during which each congregation could use the premises does not mean that a hostile possession by Triumphant resulted. Presumably, once again, the Methodist Church determined

that it would discontinue its use of the church but it would allow Triumphant to continue its permissive use of the property. The evidence does not establish that this original permissive use by the Triumphant Church ever became hostile. In addition to this lack of hostility, Miss Swain at one time tried to purchase the title to the property, but was not able to do so. We therefore hold that the possession of the Triumphant Church was not adverse possession but rather a permissive use.

■ Even if it were held that Triumphant did have adverse possession of the property, the necessary privity between Triumphant and the Little Church of Jesus Christ is nonexistent. These churches are two distinct, separate entities with different sets of members, administrators and, presumably, beliefs. Mattie Brooks appears to be the sole surviving member of the Triumphant Church who has transferred over to the Little Church of Jesus Christ. She was not an officer in the Triumphant Church (although her mother was) and she did not establish a privity between the two congregations which would give her the authority to transfer any rights which the Triumphant Church might have had to the Little Church of Jesus Christ.

"In order to tack one person's possession to that of another for purposes of adverse possession, some form of privity between the successive claimants is necessary * * *. Therefore, several successive possessions cannot be tacked for the purpose of showing a continuous adverse possession, where there is not privity of estate or connection of title between the several occupants. * * *" 3 Am.Jur.2d 59, pp. 148, 149. The Triumphant Church did not transfer its claimed title to the Little Church of Jesus Christ by deed or otherwise.

Therefore, the Little Church of Jesus Christ has not acquired its adverse possession or even permissive possession of the property through any privity with the

Triumphant Church. Any claim which the Little Church has to this property must be established on its own.

■ The appellees, as trustees for the Little Church of Jesus Christ, have complied with the requisites of establishing adverse possession in terms of the champerty statute (KRS 372.070) but since there is no privity they cannot possibly establish adverse possession for the period of fifteen years in order to comply with the statute of limitations. Stephenson Lumber Co. v. Hurst, 259 Ky. 747, 83 S.W. 2d 48, 53.

In 14 C.J.S. Champerty and Maintenance § 31, at page 371, we find several criteria which must be met in order to establish adverse possession under the champerty statute. The nature and elements of adverse possession are that it must be: actual possession; open and notorious possession; exclusive possession; hostile possession, and it must exist at the time of the conveyance claimed to be champertous.

Appellees were in adverse possession as far as champerty is concerned in that they generally complied with the above requisites. The argument by appellants that the first real act of adverse claim by appellees which occurred was the refusal of Mattie Brooks to deliver the key to the church when asked for it by appellants as grantees of the Methodists is erroneous. The distinction between Justice et al. v. Rollins et al., 269 Ky. 74, 106 S.W.2d 140, relied upon by appellants, and the present case is that in Justice the building was not being used by the adverse claimant, while in the present case there is proof as to such use.

Thus, the question now before the court is as to the effect on all parties of a champertous conveyance. 14 C.J.S. Champerty and Maintenance § 40, at page 384, states: "In all jurisdictions wherein, under the law in force at the time, a conveyance of lands held adversely by a third person is champertous, it is void as

to the person in possession and his privies, even though the conveyance is made in good faith and for a valuable consideration. As against the person in adverse possession, no right or title is passed or transmitted from the grantor to the grantee by the deed; title remains in the grantor, and may be subsequently purchased from him by the adverse possessor during the pendency of a suit against such possessor by the grantor for the benefit of the champertous grantee. However, * * * if the grantee peaceably, lawfully, and without fraud or force, or the display thereof, enters under the deed and obtains possession of the land, even against the wishes of the disseisor, the grantee may avail himself of the title of the grantor obtained through the deed and by uniting that title with his own possession thus acquired may thereby complete in himself a title which will be good as against the former disseisor who is without title and is now out of possession.

* * * "As between the grantor and the grantee and persons standing in legal privity with them, a champertous conveyance is, according to some authorities, valid and operative to pass title, it being good at least by way of estoppel; and, as a consequence of this doctrine, if the grantee buys in the adverse title, a purchaser from him cannot complain of the title. According to other authorities, however, a champertous conveyance has been held or stated to be of no effect between the parties and does not pass title to the grantee.

"As champertous conveyances are often made in the best of faith and the purchaser pays a valuable consideration therefor, it is just and proper that the parties should be allowed to rescind and put themselves in statu quo." Doyle v. Cornett, 187 Ky. 584, 219 S.W. 1059.

The sale of the land by the Methodist Church to appellants is void for champerty. However, it has not been shown that the

adverse possession by appellees has run for the statutory period and thus the title does not vest in the adverse possessors.

Judgment reversed.

All concur.