Arnold **BROCKMAN** and Eva Brockman, Appellants,

v.

Guy **JONES**; Irvine Jones, Jr.; Hugh Jones; Jean Grubbs; Maggie Cutter; and Hartford Boyle, Appellees.

Court of Appeals of Kentucky.

Dec. 31, 1980.

James T. Gilbert, Duerson & Gilbert, Berea, for appellants.

David F. McAnelly, Liberty, Paul E. Hieronymus, McKee, for appellees.

Before HAYES, C. J., and HOWARD and WHITE, JJ.

HOWARD, Judge.

Mr. and Mrs. Brockman appeal from a judgment in the Jackson Circuit Court wherein it was held that they had no title to coal rights under a surface tract owned by them, either by deed or adverse possession. We affirm.

Nearly eighty years ago, one Mason Jones, then owner of the property in question, conveyed it to the Brockmans' predecessors in title, specifically reserving "all coal in the above described land with right of way for mining and carrying same." The Brockmans eventually obtained the property from two sources. Neither deed showed a reservation. Evidently the Brockmans were aware of the Mason Jones reservation because there is testimony in the record that they were told by their grantor not to worry about it. Mason Jones' deed with the reservation was properly filed.

The Brockmans took title to the property in 1957. Since that time the only mining done on the property has been for the domestic use of the Brockmans by the Brockmans. The appellees, who are the heirs of Mason Jones, apparently knew of this domestic use of coal from the property and made no objection.

Appellees now wish to lease the coal rights to begin mining and so brought this action to quiet title to the mineral rights.

K.R.S. 381.430 provides:

Wherever the mineral or other interests in or rights appurtenant to land in this state have passed, or shall hereafter pass, in any way, from a claimant in possession of the surface of the land, the continuity of the possession of such mineral, interests and rights shall not be deemed thereby to have been broken; but the possession of the surface by the original claimant thereof, from whom such mineral, interest or rights passes, or by those claiming through or under him, or by virtue of a judgment against him in an action to which the holder of the mineral, interests or rights is not a party, shall be deemed to be for the benefit of the person, his heirs and assigns, to whom the mineral, interests or rights have passed.

The plain language of this ancient statute makes it clear that the Brockmans and their predecessors in title held possession of the minerals for the benefit of Mason Jones, his heirs and assigns.

While it is true that minerals may, in some very rare cases be taken by adverse possession, the requirements are very strenuous.

The only way the statutes can be started running in favor of the surface holder as against the owner of the mineral, is by the former taking actual possession of the mineral under claim of right, by opening mines or wells and operating the same .... The opening of a coal bank or oil or gas wells, for the purpose of taking only a small quantity of the mineral for domestic purposes and not with the avowed intention of acquiring title to the whole mineral estate does not start the statutes running. In fact the entry onto or into the possession of the mineral estate, in order to start the statutes of limitation running in favor of the claimant, must be accompanied with such open, notorious and adverse acts as would be sufficient to set the statutes running in favor of one in possession of the surface of the land.

*Hoskins v. Northern Lee Oil & Gas Co.*, 194 Ky. 628, 240 S.W. 377, 380 (1922).

The owner of the surface is regarded as trustee, in possession of the mineral for the use and benefit of its real owner, and he cannot acquire title by adverse possession to the mineral estate except in the way and manner which a trustee of other real property may acquire title against the cestui que trust.

.    .    .    .    .

The adverse possession of a coal mine can be maintained only by the actual holding of the mine or seam of coal in actual possession; continuously and uninterruptedly for the full statutory period, and, if it be abandoned for any period of time, or the adverse holder cease for a period to operate it as a mine and to use it for the purpose of taking coal, the running of the statute in his favor is at an end.... [The owner of the minerals] must be disseised to lose his right; and there can be no disseisin by act which does not actually take the minerals out of his possession. *McPherson v. Thompson*, 203 Ky. 35, 261 S.W. 853, 854 (1924).

■ It is clear from the record that appellants only mined for domestic use and that their mining activity was insufficient to constitute open disavowal or repudiation of the trust declared by the statute. *Ward v. Woods*, Ky., 310 S.W.2d 63 (1958). We therefore affirm the trial court's finding that defendants have no title, either by deed or adverse possession, to the coal beneath the land in question.

We do, however, agree with the appellants that the trial court erred in failing to make findings of fact necessary to satisfy the requirements of CR 23.01 and failing to certify the purported class appellees claim to represent. CR 23.03. Therefore there is no authorized class action and we remand to the trial court to make the required determination.

All concur.