Botkin v. The Middlesboro Town & Land Co.

---

CASE 88.—ACTION BY WILLIAM BOTKIN AGAINST THE MIDDLESBORO TOWN & LANDS CO.—May 19, 1890.

## Botkin v. The Middlesboro Town & Land Co.

Appeal from Bell Circuit Court.

From the judgment William Botkin appeals.—Reversed.

1.   Bills and Notes—Statute of Frauds.—P. purchased a lot of ground for which he executed three purchase-money notes, and a deed was made conveying to him the property, reserving a lien on the lot to secure same. P. sold the lot to appellant, and in the deed recited that appellant assumed and agreed to pay the lien notes. The appellee, as assignor of the notes, brought this action to enforce the lien and for personal judgment against both P. and appellant. Two of the defenses set up in appellant's answer were: First, that under subsection 4, section 470, Kentucky Statutes, he was not personally liable for the debt of P., as he had signed no writing agreeing to pay same; and, second, that under subsection 7, section 470, Kentucky Statutes, he was not liable upon an agreement not to be performed within a year,

as same was not in writing signed by him. Demurrers were sustained to both of these defenses. Held, that the first defense is insufficient, as a promise made to the debtor to pay his creditors' debts based upon a sufficient consideration, is enforceable. The second defense is also insufficient, as it was executed by one party within the year and the statute is only applicable to cases where the contract is executory as to both parties.

2. Statute of Limitation—Estoppel.—The third defense is that appellant is not liable, as the cause of action accrued more than five years prior to the institution of the action. Held, that the acceptance of the deed containing the reservation of a lien to secure the notes of P. estopped appellant from denying the existence of the lien as against the land, and the law will imply a promise on his part to pay them. But as the promise was not evidenced by a writing signed by him, the five years' statute of limitation afforded a complete bar to recovery.

D. T. EDWARDS for appellant.

J. R. SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE BURNAM—Reversing.

On the 19th day of May, 1890, the Middlesboro Town Co., by general warranty deed, conveyed to M. V. Pigg a lot in Middlesboro, reserving a lien in the deed to secure the payment of three promissory notes for $187.50 each, due in one, two and three years, with interest from date. Afterwards, Pigg conveyed the lot to A. W. Smidt; and Smidt, on the 5th of September, 1890, conveyed it to the appellant, William Botkin by general warranty deed. Smidt's deed to Botkin recited that he had assumed and agreed to pay these lien notes. The notes were assigned by the Middlesboro Town Company to the Midddlesboro Town and Lands Co., who instituted this action on the 11th day of April, 1900, against M. V. Pigg, the maker, and William Botkin, and asked

a personal judgment against each of them, and that its lien be enforced. The defendant, William Botkin; answered in three paragraphs, denying liability. In the first, he says that his alleged promise to pay the notes executed by Pigg to the company was not in writing signed by him, or by any agent authorized by him to do so. Second, that the alleged contract was not in writing signed by him, and was not to be performed within a year. Third, that more than five years had elapsed from the maturity of plaintiff's cause of action, and it was barred by limitation.

The trial court sustained a general demurrer to each of these paragraphs, and rendered a judgment enforcing the lien upon the lot, and also gave a personal judgment against the appellant, Botkin. From the personal judgment this appeal is prosecuted. The first paragraph was predicated upon sub-section 4 of section 470 of the Kentucky Statutes, which provides:

"No action shall be brought to charge any person upon a promise to answer for the debt, default or misdoing of another unless in writing."

This statute has been frequently passed on by this court, and it has uniformly held, that it applied only to promises made to a person to whom another was already, or was, to become responsible, and not to promises made to the debtor on a sufficient consideration for the benefit of a third person. North v. Robertson, 62 Ky. 71; Williams v. Rogers, 77 Ky. 776. And this is the rule in England and most of our States. As appellants assumption was to the debtor and not to the creditor, it is not within the statute.

The second paragraph is based upon sub-section 7 of section 470 of the Ky. Statutes, which provides that:

"No action shall be brought to charge any person upon any agreement, which is not to be performed within one year from the making thereof, unless the promise * * * or some memoranda or note thereof be in writing and signed by the party to be charged therewith or by his authorized agent."

This statute has also been frequently before this court, and the ruling in the latter cases is to the effect that it applies only to contracts which are not to be performed upon either side, within a year, and not to agreements which are to be performed or have been performed by one or either of the parties within that time. See Barry v. Graddy 58 Ky. 553; Dants v. Head 90 Ky. 261. In the latter case the court said:

"The statute properly applies to agreements which are wholly executory; and one which has been performed by one of the parties within a year, is to that extent executed, and cannot with propriety be called an agreement to be performed within a year."

And the A. & E. Enc. of Law, (1st Ed.) vol. 8, p. 692, lays down the rule as follows:

"In England and most of the United States it is held that the statute applies only to contracts which are not to be performed upon either side within a year."

In this case appellant's vendor fully executed his part of the contract of sale by making the deed and putting appellant in possession of the premises, and the statute therefore does not apply.

The third paragraph of the answer presents a more formidable question. As more than five years

had elapsed after the maturity of the notes for which the lien was retained in the deed, appellant answers that he is released from liability to appellee thereon by section 2515 of the statutes, which provides that:

"An action upon a contract, not in writing signed by a party, express or implied, shall be commenced within five years next after the cause of action accrued."

Appellee replied that that statute had no application By the acceptance of the deed containing the reservation of a lien to secure the notes executed by Pigg, you contracted in writing to pay them as effectually as though you had actually signed your name to a written obligation to do so, and the limitation is therefore fifteen years and not five. As to support this contention we are referred to Elliott v. Saufley, 89 Ky., 52, and McClure v. Biggstaff, 18 Rep., 602.

In the first case John W. Estis and the heirs at law of James Estis conveyed a tract of land to George W. Estis. The consideration recited in the deed was that their father had in his life time sold and given bond to convey the land to George W. for $650.00, of which sum $150.00 had been paid; and that by a settlement made by J. W. Estis, as administrator, with the County Judge, he was found indebted to the estate in $590.00, and it was further recited that a lien on the land was retained to pay such indebtedness to be made evident by a receipt of each of the heirs and grantors filed in the clerk's office. A suit was subsequently instituted by an outside creditor of George W. Estis to subject the land to the payment of other debts due by him, in which action a judgment was rendered decreeing its sale and it was purchased by Saufley, to whom a Com-

missioner's deed was given. He afterwards sold and
conveyed the land to Elliott. In the same years the
heirs of James Estis instituted a suit in equity
against George W. Estis, making Saufley and
Elliott defendants, to set aside the sale to Saufley
and to subject the land to the payment of the pur-
chase money due them as heirs at law of James Estis,
and they were granted the relief sought and judg-
ment was rendered for the sale of the land to satisfy
their debt, and Elliott was evicted by a writ of pos-
session. Whereupon he brought suit against Saufley
for breach of his covenant of warranty, seeking to
recover the purchase money paid to him. Saufley
answered, denying that Elliott had been evicted by a
paramount title in the heirs of James Estis, for the
reason that they were barred by the five years statute
of limitation, when they commenced their action.
Elliott recovered judgment for the amount paid by
him to Saufley for the land. In commenting upon
the plea that the debt to the heirs of James Estis
was barred after five years, the opinion says:

"That position rests upon the assumption that
the action was founded upon a contract in writing in
the meaning of the statute   *   *   * . The right of
action in that case was clearly a contract in writing,
which not only created a lien upon the land, but
the acceptance of the deed and the possession of the
land by G. W. Estis operated as an agreement on
his part to pay the purchase price.

But whether valid defense could or could not have
been made to the action by Nancy Wallis and others,
seems to us in this action immaterial, for it may be
regarded as settled that all that is necessary for
the vendee of land, in order to maintain an action
on a covenant of warranty is to allege and show that

he had lost the land under a judgment of eviction, in an action in which the vendor was a party, or of which he had notice.''

It is not perfectly clear that the distinguished writer of the opinion intended by his comment in the first part of the quotation from his opinion. It is certain, however that he did not rest his decision upon the ground that the acceptance of the deed by the defendant, containing a reservation of a lien for purchase money, was equivalent to a contract in writing signed by him. We are inclined to think that all he intended to say was that the acceptance of a deed, containing a reservation of a lien for purchase money, estopped G. W. Estis from denying the lien on the ground that he had given no written obligation therefor. We are fortified in this view by the fact that in the suit of James Estis heirs and others against G. W. Estis, no personal judgment was asked against either Saufley or Elliott, and the only relief decreed was, the enforcement of the lien against the land for the purchase money; and the basis of Elliott's suit was the breach of his covenant of warranty. It would certainly be a great stretch to hold that he intended to eliminate from the statute its cardinal provision "that the writing must be signed by the party to be charged thereby.'' In Wortham v. Prewett, 99 Ky., 287, it was held that where the indebtedness was not evidenced by a written promise to pay, it was not taken out of the five years statute of limitation by the mortgage executed to secure it, which recited the indebtedness and was actually signed and acknowledged by the payor. And in the First National Bank v. Thomas, 8 Rep. 690, it was decided that the execution of a mortgage to secure a bill of exchange did not extend the time of limitation against the drawer beyond five years. The

case of Colvin v. Newell, which was decided by the
Superior Court, determines the exact question in con-
troversy here.  In discussing the statute the opinion
says:

" 'The general statute provides that an action upon
a contract not in writing signed by the party, express
or implied,' shall be commenced within five years.
'Express and implied' modify contract.  There is
no such thing as a contract not in writing which is
signed, but there may be a contract in writing which
is not signed by the party relying on the statute.
The deed in this case is an instance.  It is evidence
of the contract against Colvin and Appelgalte,
because they as vendees claim under it.  We think
the correct wording of the section is thus:  An
action upon an express or implied contract which is
not in writing, or which, if in writing, is not signed
by the party * * *.  The written contract referred
to, is one which is signed by the party pleading the
statute.  Every writing therein specially named is
either a 'contract or record' and such as a 'judg-
ment' or 'recognizance,' or it is an instrument
which must be signed.  As Colvin and Appelgate
did not sign any writing, the cause of action was
barred after five years unless intervening matter
prevented it."

The case of McClure v. Biggstaff is also relied
on, but we think that case is not at all in point.  There
the notes for the purchase money had been executed
both by the husband and wife, and the conveyance
was made to the wife, and the court held that while
the note of a married woman was void so far as
obtaining a personal judgment against her was con-
cerned, it was nevertheless evidence of an indebted-
ness, to secure the payment of which, a mortgage was
executed, and in that sense was a contract in writing

within the meaning of the statute of limitations, but there is no suggestion or intimation that if Mrs. McClure had never signed any writing the limitation would have been fifteen years instead of five, nor does he discuss the question of limitation as a remedy to a claim for personal judgment.

"In construing statutes of limitation, courts are inclined to follow the literal expression of the Legislative will, they cannot engraft upon them exceptions not made by the Legislature, and ought not to construe the legislative exceptions so as to defeat the policy of the statutes. The public good demands that controversies shall be settled before the transactions out of which they grew have faded from the memory of those who were conversant with them." McDonald v. Underhill, 73 Ky., 590.

And Judge Kent says that:

"It would be impolitic as well as contrary to established rules to part from the plain meaning and literal expression of the proviso in the statute of limitations." Demarrett v. Wincotte, 3 Joh., 139

Applying these rules of construction to the facts of this case, it follows that the acceptance of the deed containing the reservation of a lien to secure the notes of Pigg to the company estopped Botkin from denying the existence of the lien as against the land, and the law will imply a promise on his part to pay them. But as the promise was not evidenced by a writing signed by him the five years statute of limitation is a complete bar to recovery. For reasons indicated the judgment is reversed, and cause remanded with instructions to overrule the demurrer to the third paragraph, and for further proceedings consistent with this opinion.

Whole court sitting.

Judge Paynter dissenting.