## Hatcher v. Virginia Mining Company, et al.

(Decided April 27, 1926.)

### Appeal from Floyd Circuit Court.

1. Deeds—General Description of Thing Conveyed Must Yield to Particular Description, in Absence of Indication as to which Description Prevails.—Where conveying instrument contains both par-

ticular and general description of premises or thing conveyed, and nothing appears therein to indicate which description shall prevail, the general description must yield.

2. Deeds—Rule that Particular Description of Premises is Subject to Exception, if Instrument and Intention of parties Indicate Otherwise.—Rule that particular description of premises conveyed will prevail over general description is subject to exception that, if it appears from instrument and surrounding facts that it was intention to give effect to general description, then it prevails over particular one.

3. Landlord and Tenant—Facts Held to Indicate that Lease was Intended to Convey Land Particularly Described Therein Only.— Where immediately following particular description of land leased was clause that it was all land that lessors owned in F. county, fact that possession was taken only of land particularly described, and not of contiguous parcel, and lessors had additional land in other parts of F. county, held to show that lease was intended to convey particularly described lands only.

4. Estoppel—Evidence Held Not to Show Facts Estopping Lessor from Showing that Only . Lands Particularly Described were Leased.—Evidence held not to show facts estopping lessor from claiming lease of particularly described land did not include contiguous lands under general description of all of lessor's lands in F. county. .

5. Libel and Slander—Plaintiff Held Not Entitled to Damages for Slander to Title, where Defendants Acted Bona Fide in Asserting Title to Lands Under Lease.—Where lessees acted bona fide in assertion of claim, under general description of lease, to parcel of land contiguous to land particularly described, plaintiff held not entitled to damages because of slander of his title to the contiguous parcel.

B. F. COMBS and A. B. COMBS for appellant.

C. B. WHEELER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The appellant and plaintiff below, L. N. Hatcher, by his petition filed in the Floyd circuit court against appellees and defendants below, Virginia Mining Company and John Hunley, sought to quiet his title to the surface of a small parcel of land in that county containing about five or six acres lying in the junction of Beaver creek and one branch of the Big Sandy river in the same county. The sole question in the case is: Whether a coal mining lease that was executed on February 16, 1918, by J. W. Hatcher and wife and J. S. Hatcher and wife to R.

L. Smyth and others, covered and included the small parcel of land in controversy. The lessees therein afterwards organized the Virginia Mining Company and later transferred the lease to it, the larger part of the stock in which is now owned by the individual defendant, John Hunley, and he is the moving factor in the corporation. The lease contains a particular description of the premises devised by it, except that courses and distances are not given, but natural objects on the ground are referred to as corners, and also as indicating and locating the course of each call, the 6th and last of which is, "Thence down the county road to the beginning, containing three hundred (300) acres." It is conceded by every one that the land in controversy lies beyond the county road which runs at or near the foot of the hill, and the land beyond it (that in controversy) is practically all in a low bottom that sometimes overflows, and according to the proof, there is no mineral of any kind under it.

Immediately following the above inserted call and which, as stated, is the last one in the particular description in the lease, appear these words, "and being and including all the land that parties of the first part own in Floyd county, Kentucky (excluding from said lease the two (2) acres near the house and residence of J. W. Hatcher.)" It was pleaded by plaintiff that the last quoted general clause in the description was inserted in the lease after it had been signed, acknowledged and delivered by J. S. Hatcher and wife and without their knowledge or consent. Plaintiff averred in his petition that in May, 1919, J. S. Hatcher and wife conveyed to him the surface of their entire tract of land including the part in controversy lying across the county road and not contained in the particular description in the lease.

Defendants denied plaintiff's title and also denied the alleged alteration of the description in the lease in the manner claimed by plaintiff, and claimed title in themselves to the extent conveyed by the lease. They also relied on an estoppel, and plaintiff's reply made the issues. The court after preparation and submission dismissed plaintiff's petition and the various amendments thereto and quieted defendants' leasehold title to the land in controversy, and to reverse that judgment plaintiff prosecutes this appeal.

If the defense of fraudulent alteration was proven and it was made by lessees or at their instigation, it would settle the controversy, since it can not be denied that it

was material; but the evidence on that issue was quite contradictory, with perhaps its preponderance favoring defendants, and if the determination of the case depended solely upon that fact we would not feel authorized to disturb the judgment. However, with that question eliminated and upon the assumption that the lease contained the *general* description at the time it was signed and executed by the lessors, the question then is: Whether a proper interpretation of the descriptive part of the lease conveyed any interests in the small parcel in controversy to the lessees?

It is the rule, not only in this court but in other jurisdictions, that where a conveying instrument contains both a particular and a general description of the premises or thing conveyed, and nothing appearing therein to indicate which description should prevail, then the general description must yield to the particular one. 4 R. C. L., page 6, para. 42; Shannon v. Buford, 2 Bibb. 114 (5 Ky.); Moseley v. Jamison, 1 A. K. Marsh. 606 (8 Ky.); Smith v. Cornette, 80 S. W. R. (Ky. and not elsewhere reported) 1188; Hall v. Smith, 97 S. W. R. (Ky. and not elsewhere reported) 1125; Magowan v. Branham, 95 Ky 581; Howard v. Cornette, 151 Ky.125; Pendargrass v. Butcher, 158 Ky. 321; McKinney v. Raydure, 181 Ky. 163, and Prewitt v. Wilborn, 184 Ky. 638. See also case of Cummings v. Black, 65 Vt. 76, 25 Atl. 906. That general rule, however, like most others in the law, is subject to exceptions, chief among which is that if it appears from the conveying instrument, the surroundings of the parties and their interpretation of it afterwards, that it was the intention of the parties to give effect to the general description and for it to prevail over the particular one, then that interpretation will be administered; all of which is clearly pointed out in the McKinney case, *supra.* We find nothing in the lease to indicate any such intention of the parties thereto, and there has been no interpreting conduct by them since its execution to sustain the exception to the general rule. On the contrary, no possession of any character has ever been taken by the lessees of the small tract in controversy, and they have operated under their lease continuously since then with all of their operations and structures upon the land as contained in and confined to the particular description, which would seem to indicate that it was their conclusion that their lease did not cover any part of the controverted land.

The interpretation applying the general rule *supra* is also fortified by the proven fact that both lessors J. W. and J. S. Hatcher each owned other tracts of land in Floyd county, and if the general description in the involved lease should prevail it would convey to defendants the mining privileges under those tracts of land also, one of which tracts lies adjoining the one upon which the lease was given. Surely, no such intention existed on the part of either the lessors or the lessees and which fact is conceded to be true in this case. In order, therefore, to sustain defendants' contention it becomes necessary to modify and qualify the literal general description by oral proof with nothing contained in the lease to sustain it.

Defendants failed to show by their proof any facts sustaining their pleaded estoppel. It is true that Hunley testified that just before he bought the stock of the Virginia Mining Company, and while he was negotiating for it J. S. Hatcher stated to him that the lease covered the land in controversy, but he does not plead or testify that he relied on any such statement or that he would not have purchased the stock but for it. So that it is at least doubtful if such facts would create an estoppel as against J. S. Hatcher alone if he occupied the place of plaintiff in this litigation. But J. S. Hatcher denied any such statement, and there is no proof that at the time he made it, if he did do so, he was acting for and on behalf of plaintiff to whom he had made his conveyance prior thereto. In addition, it was further testified by Hunley that immediately after making that statement he and J. S. Hatcher examined the lease including, of course, the description contained therein, and he was forced to say, in substance, that under the particular description in it the lessees did not obtain any rights in and to the parcel in controversy. It is, therefore, quite clear and it is our conclusion that, since the particular description excluded the land in controversy, and, since nothing appears in the record to bring the case within the exception to the general rule, *supra,* the particular description should prevail and the court erred in adjudging otherwise. Plaintiff sought the recovery of damages because of a slander of his title by defendants, in asserting leasehold interests in the controverted land, but the court seems to have ignored that issue, and we fail to see wherein the record entitles plaintiff to any such relief. Indeed, we believe that it is fairly well developed that defendants acted *bona fide* in the assertion of their claim to the in-

terest of the lessees under the lease in and to the parcel of land in controversy, and we find no legal ground for penalizing them for doing so.

Wherefore, the judgment is reversed, with directions to set it aside and to render in lieu thereof one in favor of plaintiff quieting his title to the surface of the land in controversy as against defendants, and to enjoin them from anywise interfering with plaintiff's rights under the conveyance from his father, and for other orders consistent with this opinion.