## PORT WENTWORTH TERMINAL CORPORATION et al. v. EQUITABLE TRUST CO. OF NEW YORK.

(Circuit Court of Appeals, Fifth Circuit. April 1, 1927.)

No. 4905.

1. Evidence ⬤➡460(5)—Description in mortgage held ambiguous, and extrinsic evidence admissible to show intention of parties.

A mortgage stated that it was upon the property "described in and conveyed by" a certain deed to the mortgagor, and then described the property by metes and bounds, copying the description in the deed. The deed expressly excepted therefrom a right of way, through the property included within the boundary given, which was not owned by grantor, but title to which had been acquired by the mortgagor prior to the giving of the mortgage. Held, that the description in the mortgage was ambiguous, and extrinsic evidence was admissible to show the intention of the parties, and that, under such evidence, the mortgage did not cover the excepted right of way, which the grantor, at the same time it acquired the title, had leased back to the grantor for 99 years.

2. Mortgages ⬤➡427(2)—Bondholders held not necessary parties to mortgage foreclosure by trustee who represented them.

Holders of bonds held not necessary parties to suit to foreclose the mortgage, brought by trustee who represented them.

3. Mortgages ⬤➡512—Court may direct sale of mortgaged property as an entirety or in separate parcels.

It is within discretion of the court to direct sale of mortgaged property as an entirety or in separate parcels.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Suit in equity by the Equitable Trust Company of New York, trustee, against the Port Wentworth Terminal Corporation and others. From the decree, defendants appeal. Reversed and remanded, with directions.

See, also, 281 F. 883.

Robert M. Hitch, R. L. Denmark, and A. B. Lovett, all of Savannah, Ga., A. B. Rowe, of Palmetto, Fla., Mark Hyman, of New York City, A. Pratt Adams and Samuel B. Adams, both of Savannah, Ga. (Rabenold &

Scribner, of New York City, on the brief), for appellants.

George T. Cann, of Savannah, Ga., and Wm. M. Evarts, of New York City (Anderson, Cann & Cann, of Savannah, Ga., and Murray, Aldrich & Roberts and Eugene H. Southall, all of New York City, on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The District Court by its final decree ordered the foreclosure and sale of a 3,000-acre tract of land, used for terminal and industrial purposes, located at Port Wentworth, near Savannah, Ga. This appeal is taken by the Port Wentworth Terminal Corporation, owner of the land, by the Savannah & Atlanta Railway, which owns all the stock of the terminal corporation, and by the Farmers' Loan & Trust Company, which claims a prior mortgage lien on a small part of the property, hereinafter described, ordered by the decree to be sold.

The Equitable Trust Company, appellee, is trustee under the mortgage being foreclosed, which was executed October 1, 1920, by the terminal corporation to cover an outstanding issue of $1,000,000 of first mortgage bonds. The Savannah & Atlanta Railway, by virtue of a deed from the Great Eastern Lumber Company, dated October 1, 1914, acquired the title to a strip of land 100 feet wide, on which a spur track was located, and which extended from the main line of its railroad easterly about one-fourth mile to the western boundary line of the main tract of land covered by the mortgage, and thence through that land practically to the Savannah river, a further distance of approximately 2¾ miles. This strip of land is referred to throughout the record as the "Newtonville Lead." Several miles of industrial tracks on the terminal property connect with it, and by means of it with the main line of the Savannah & Atlanta Railway at Newtonville. The Newtonville Lead is the property on which the Farmers' Loan & Trust Company claim to have a lien by virtue of an after-acquired property clause in a mortgage dated June 24, 1910, and executed by the Brinson Railway, a corporation which was merged in the Savannah & Atlanta Railway.

The terminal corporation, March 7, 1916, acquired, for terminal purposes and as a site for industrial enterprises, the main tract being foreclosed upon from J. P. Mulherin. The deed from Mulherin described that tract by metes and bounds, and expressly excepted the Newtonville Lead. As of December 31, 1917, the Savannah & Atlanta Railway, hereinafter called the railway, conveyed the Newtonville Lead by warranty deed to the terminal corporation, and as of the same date the terminal corporation executed a 99-year lease to the railway of the Newtonville Lead, and also of all the industrial tracks then located or thereafter to be located on the main tract or terminal property. That lease was promptly recorded; but the railway's deed was withheld from record, because the warranty of a clear title might be breached by reason of the after-acquired property clause contained in the mortgage of the Brinson Railway to the Farmers' Loan & Trust Company. That deed was recorded by order of the court during the pendency of this suit.

The mortgage of the terminal corporation to the Equitable Trust Company as trustee incumbers the property "described in and conveyed by" the deed from Mulherin, and then proceeds to give the same description by metes and bounds as was given in the Mulherin deed. It also incumbers 87 acres of adjoining land outside the main tract. The mortgage is made subject to "any and all rights, interests, and equities" that the railway may have to the railroad extending from Newtonville to the point where it enters the main tract, and also subject to the lease from the terminal corporation to the railway. The mortgage excepts 352 acres, lying within the main tract, which the terminal corporation had conveyed to various grantees. The Newtonville Lead is not included among these exceptions. The mortgage purports to give a first lien on all the property incumbered by it. It also confers on bondholders the privilege of converting bonds into land, but that privilege is subject to the limitations, among others, that the bonds should be deposited with the trustee at least 60 days prior to a semiannual interest period, and that the terminal corporation should select the land to be conveyed. The bondholders were not made parties defendant. The court ordered the mortgaged property sold as an entirety.

The principal contention on this appeal is that the District Court erred in including the so-called Newtonville Lead in the decree of foreclosure and sale, because, as it is argued, that strip of land was not covered by the mortgage. The deed from Mulherin to the terminal corporation conveyed the main tract or terminal property, describing it by metes and bounds; but it expressly

excepted and excluded from the conveyance the Newtonville Lead, which at that time was owned by the railway. Appellee's mortgage adopted the description of the main tract contained in the Mulherin deed, and then also particularly described the main tract by metes and bounds, but in the language of the Mulherin deed. That mortgage, however, did not expressly except the Newtonville Lead, but was made subject to it and to all rights of the railway under its lease from the terminal corporation. Appellee contends in support of the decree that the mortgage includes the Newtonville Lead in plain and unambiguous terms, because it was within the boundaries of the main tract, and was not expressly excepted; and that the particular description in the mortgage governs, because the reference to the description contained in the Mulherin deed was general, and made for the purpose of showing source of title or locality.

[1] We are of opinion that the description in the mortgage is ambiguous, and that a proper case is presented for an inquiry into the attendant facts and circumstances, in order to ascertain the intention of the parties. The mortgage does more than refer to the Mulherin deed for locality or source of title, for the particular description in the mortgage is taken literally from the description in the deed. Hatcher v. Mining Co., 214 Ky. 193, 282 S. W. 1102; James River, etc., Power Co. v. Old Dominion Iron & Steel Corporation, 138 Va. 461, 122 S. E. 344. When the mortgage is examined in the light of the intention of the parties, it is clear, as it seems to us, that the description contained in it does not include the Newtonville Lead. A part of the Newtonville Lead lies outside the main tract, and therefore is not covered by the metes and bounds description. That was a small part, it is true, but it was a very important part, because without it the larger part, as well as the industrial tracks, would be without an outlet.

Appellee argues that this small and necessary part would be included in the mortgage as an appurtenance. To say the least, that is a doubtful legal proposition, because ordinarily land is not appurtenant to land. The mortgage included the 87-acre tract that was not acquired from Mulherin, but adjoined the main tract on the south, and it is not open to doubt that the part of the Newtonville Lead lying outside and to the west of the main tract would also have been included in the mortgage, if the intention had been to include it. The reasons that part of the Newtonville Lead was not so included were that the title to it was supposed to be subject to the Brinson mortgage, and that the mortgage here involved was intended to be a first lien on unincumbered property. There is no suggestion that the lease was withheld from record in bad faith, and the existence of the Brinson mortgage was as potent a reason for not recording it at the date of appellee's mortgage as it was in the beginning.

The terminal corporation, at the date of its mortgage, had the same title to that part of the Newtonville Lead lying outside the main tract that it had to the larger part lying inside, and the same reasons which would induce it not to include the outside part would likewise induce it not to include the inside part. It is said that the clause making the mortgage subject to the lease of the entire Newtonville Lead would be meaningless, if that property was not covered by the deed. But we do not think this follows, because the lease covered also the industrial tracks, which were parts of the main tract, and which admittedly were included in the mortgage. Other portions of the main tract were excepted, but they were only such as previously had been conveyed by the terminal corporation. If the Newtonville Lead had not been conveyed, manifestly it should not have been included in the exception clause.

[2, 3] Other assignments are to the effect that the decree was erroneous, because the bondholders were not made parties defendant, and thereby given an opportunity to convert their bonds into land, and that the court erred in ordering the mortgaged property to be sold as an entirety instead of in parcels. In our opinion these assignments are not well taken. The privilege of the bondholders referred to could only be exercised by notice prior to an interest-paying period, and the lands which could be had in exchange were to be selected by the terminal corporation. These privileges expired when the foreclosure suit was begun, because in the nature of things they could not then be exercised. The trustee was entitled to bring suit as a representative of the bondholders. It was within the discretion of the court whether to sell the mortgaged property as a whole or in separate parcels. It does not appear that that discretion was improperly or injudiciously exercised, but, on the contrary, the court found that the property was worth more as a whole than it would be if divided.

The decree is reversed, and the cause remanded, with directions for further proceedings not inconsistent with this opinion.