## Chrisman et al. v. Dennis et al.

October 29, 1948.

Shumate & Shumate and G. Murray Smith for appellants.

J. P. Chenault, H. D. Parrish and Coleman Covington for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This action was brought by the heirs at law of one Pleas Dennis, appellants, for sale and division of a 90½ acre tract of land originally owned by their remote ancestor Z. R. Dennis. There are a great number of parties and pleadings, but the issue involved on this appeal is whether or not the Chancellor properly dismissed appellants' petition after overruling a demurrer to the answer, counter-claim, and cross-petition of certain appellees. The effect of this judgment was to deny appellants any interest in the land.

Z. R. Dennis died in January 1919 intestate, survived by his widow and ten children. Among them was his son, Pleas Dennis, who died intestate in 1927, and is the person through whom appellants claim. At the date of his death, Z. R. Dennis was the owner, or had an interest in, three tracts of land situated in Madison County. One tract contained approximately 104 acres, another 9 acres, and the third was the 90½ acre parcel involved in this controversy.

In October 1919, Oscar Dennis, one of the sons, made a conveyance of his interests in his father's estate to his brothers, Pleas Dennis and J. L. Dennis. Subsequently Pleas Dennis and his wife made a conveyance of the interests purchased from Oscar and their additional undivided interest in all, or a portion of, Z. R. Dennis' estate. This deed recited in part as follows: (our italics)

"the parties of the first part (Pleas Dennis and his wife) do hereby sell, grant and convey to the party of the second part (another brother) their undivided one-half interest *in three tracts of land* conveyed to Pleas Dennis and J. L. Dennis (by Oscar) * * * *And their entire interests* and rights titles and all expectations in

full and forever to the parties of the second part *in their Mother and Father* (Millie and Z. R. Dennis) *estate* consisting of entire interest in *same three tracts* of land as follows.''

The deed thereafter listed this property in three separate pararaphs as ''Tract No. 1,'' ''Tract No. 2,'' and ''Tract No. 3.'' Tract No. 1 was the 104 acre parcel, described as having been bought from S. J. Hisle and Delia Hisle in 1898. Tract No. 2 referred to the same 104 acre tract, showing it to have been bought in 1904 from Isaac Congleton and Cora Congleton. This land was acquired under the two deeds referred to, a one-half undivided interest having been purchased from each of the two sets of grantors mentioned. Tract No. 3 described the 9 acre tract by reference to the source of title.

Nowhere in the deed was there any specific description of the 90½ acre tract with which we are concerned. Nor had this land been specifically described in the deed from Oscar Dennis to Pleas Dennis and J. L. Dennis, which was substantially in the same form as the conveyance just quoted from.

Appellees' contention, sustained by the Chancellor, is that the intention of Pleas Dennis was to convey his interests in all of his father's estate, but due to inadvertence or mistake on the part of the scrivener, the 104 acre tract was described twice by reference to two sources of title and the description of the 90½ acre tract was omitted.

Both parties refer to a number of rules for the construction of deeds which, in the main, are qualifications of the fundamental consideration, i. e., the intention of the grantor. It is generally recognized that where a deed contains both a general and a particular description and contains no language indicating which description shall prevail, the general must yield to the particular. Hatcher v. Virginia Mining Co. et al., 214 Ky. 193, 282 S. W. 1102. On the other hand, where it is manifest from the entire instrument that the general description, in view of the facts and circumstances surrounding the transaction, most clearly reflects the intention of the grantor, the construction will be adopted which gives it

full effect. McKinney et al. v. Raydure, 181 Ky. 163, 203 S. W. 1084.

Applying the latter rule to the deed before us, it is evident the grantor intended to convey his interests in the entire estate of his father. The language used, which has been above quoted, is all-inclusive, and is an adequate general description. The fundamental objective shown by the deed was to convey everything which had been conveyed to him by his brother Oscar and everything the grantor inherited from his father and mother. It was known the grantor's father owned three distinct tracts of land. The failure to specifically describe one of them was an obvious mistake which should not limit the extent of the estate conveyed. The general description clearly manifested the controlling intention of the grantor and must be given priority. The grantor's "estate" included the 90½ acre tract here involved.

If this construction was doubtful, the deed must be construed most strongly against the grantor. Kentucky Real Estate Board et al. v. Smith, 272 Ky. 313, 114 S. W. 2d 107.

For the reasons stated, the judgment is affirmed.