**BILLIPS et al. v. HUGHES et al.**

Court of Appeals of Kentucky.
June 19, 1953.

Funk, Chancellor & Marshall, Frankfort, Daniel Boone Smith, Ray O. Shehan, Harlan, for appellants.

Astor Hogg, Harlan, for appellees.

DUNCAN, Justice.

This appeal involves the construction of the descriptive portion of a deed in which there is a conflict between the general and particular description of the property conveyed.

Appellants, on October 15, 1920, acquired by conveyance from Wisconsin Steel Company a tract of land located in the City of Cumberland, Harlan County, Kentucky. A portion of this land abutting Main Street was subdivided and sold in lots soon after its acquisition. The lot in controversy is

triangular in shape, and is located to the rear of lots 135 through 143. On May 23, 1939, appellants executed a deed to H. L. Martin and H. A. Lovelady, containing the following description, the construction of which is determinative of the question presented on this appeal:

"A certain tract or parcel of land lying in Cumberland, Harlan County, Kentucky on Poorfork river and being a part of the same land conveyed to the parties of the first part by Wisconsin Steel Company by deed bearing date, October 15th, 1920, which is duly recorded in deed book 40, page 626, County Court Clerk's office, containing 4 acres more or less and (being all of that certain tract or parcel of land lying and being located on the North side and outside of what is known as the Creech Dowery tract of land), better known as the "Island" excluding therefrom two tracts of land heretofore sold and conveyed to Gerge Dilver and Ethel Dilver, also excluding the state road right of way leading from Cumberland to Whitesburg, Kentucky."

By mesne conveyances, appellees became the owners of the land conveyed to Martin and Lovelady by this deed. Appellants, who were plaintiffs below, assert that the land in controversy was not included in the quoted description. Appellees insist, and the Chancellor found, that it was so included, and appellants' petition was dismissed. The parties concede that the land in dispute is included within the general description of "all of that certain tract or parcel of land lying and being located on the North side and outside of what is known as the Creech Dowery tract." They further concede that it is not within what may be considered as the particular description, "better known as the 'Island.'" The island is located some five hundred feet from the land in controversy.

Generally, a particular description in a deed will prevail over a general description. Carter's Adm'r v. Quillen, 239 Ky. 583, 39 S.W.2d 1012; Farmers Nat. Bank of Danville v. Moore, 282 Ky. 502, 139 S.W.2d 420. However, the rule is subject to the exception that when it appears that the parties intended to give effect to the general rather than the particular description the intention of the parties will prevail. Chrisman v. Dennis, 308 Ky. 408, 214 S.W.2d 598; Hatcher v. Virginia Mining Co., 214 Ky. 193, 282 S.W. 1102.

Of particular significance, as reflecting the intention of the parties to this deed, we observe that soon after the execution of the Martin and Lovelady deed in 1939, the grantees took possession of this property. In 1941, T. S. Green, the then owner, constructed a brick building which extended upon and included a part of this lot. Appellants never listed or paid taxes on the property and asserted no claim to it until sometime in 1951, shortly before this action was filed. During the entire twelve-year period, the appellees and their predecessors in title were in complete and undisputed possession.

Under the doctrine of contemporaneous construction, the courts are required to give great weight to the interpretation which the parties have placed upon an ambiguous contract. The construction of the parties is best evidenced by their conduct with respect to the agreement. Thompson v. Fairleigh, 300 Ky. 144, 187 S.W.2d 812; Black Star Coal Corp. v. Napier, 303 Ky. 778, 199 S.W.2d 449. The deed before us is ambiguous, in that there is an irreconcilable conflict between various portions of the description. Nobody is in a better position to know what was intended by this vague and indefinite designation of the property conveyed than the parties to this deed and their successors in title. For twelve years, the grantors by their silence and inaction and the grantees by their possession and improvements have indicated that they construed this deed as including the property in question. Under the rule which we have indicated, we conclude that we are required to adopt this construction.

We attach no significance to the fact that the deed recites that the land conveyed is on Poorfork river and that the land in controversy is located on Looney Creek some five hundred or six hundred yards from the river. It is a matter of common knowledge that deeds frequently describe land as located on certain streams

although the land may be only in the vicinity of the stream or in the watershed which drains into it.

What we have said concerning the construction of the deed makes it unnecessary to consider the question of whether or not appellants are estopped to assert a claim of ownership.

The judgment is affirmed.