**LETCHER COUNTY COAL & IMPROVE-
MENT COMPANY, Appellant,**

**v.**

**M. K. MARLOWE, Appellee.**

Court of Appeals of Kentucky.

July 2, 1965.

Rehearing Denied March 4, 1966.

Stanley R. Hogg, Emmett G. Fields, Whitesburg, for appellant.

Bruce Stephens, Jr., Hazard, for appellee.

MONTGOMERY, Judge.

M. K. Marlowe sued Letcher County Coal & Improvement Company to have his title quieted to certain mineral rights. Judgment was entered in favor of Marlowe, who concedes that the title to only about eighteen acres is involved. The coal company appeals.

The rights involved are covered by the west portion of a fifty-acre patent in the name of Greenberry Thomas dated November 29, 1844. The involved portion of the patent lies west of the ridge top between the watersheds of Smoot and Dry Fork creeks on the west side and Sandlick Creek on the east side.

Appellant traces its title to the Greenberry Thomas patent in 1844. Appellee's title originated with the Watson Caudill patent of February 9, 1846, and the David Tyree patent of February 24, 1871. Appellee admits that the Greenberry Thomas patent constitutes the senior record title to the tract in controversy.

Appellant claims that it was error to admit in evidence the record and testimony in an action styled C. H. Back, plaintiff, v. S. B. Brown and Cleveland Halcomb, defendants; that appellee failed to perfect his junior record title by proof of adverse possession; that the court erred in the construction of the language of a deed in appellant's chain of title; and that appellant proved a superior title to the land in controversy.

The general rule is that the plaintiff seeking to quiet his title must prove both title and possession. KRS 411.120; Leach v. Taylor, 206 Ky. 28, 266 S.W. 894. He must succeed if at all on the strength of his own title and not on the weakness of defendant's title. Barren County Board of Education v. Jordan, Ky., 249 S.W.2d 814. However, here, appellant, as defendant, in effect counterclaimed in which event it became the responsibility of the Chancellor to determine the superior title. Whitaker v. Shepherd, 280 Ky. 713, 134 S.W.2d 604.

In seeking to determine the superior title, the Chancellor recognized that appellant had the senior record title. However, appellee contended that the description in a deed in appellant's chain of title limited such title to the dividing ridge and did not extend it to all of the fifty-acre Green-

berry Thomas patent tract, also referred to as G. B., Green B., or Green Berry Thomas.

The description in question appears in a deed from W. B. Nickels and wife and W. H. Nickels to B. E. Caudill dated August 17, 1897, which recites that it conveys a tract of land on the head of Sandlick Creek and proceeds to describe the boundary partly by a natural objects description and partly by a metes and bounds description until it reaches "the top of the knob between said Sandlick and Camp Branch Creeks." It then continues:

"thence with the top of the dividing ridge between said Sandlick and Colly Creeks to two chestnut oaks on top of the knob between said Sandlick, Little Colly and Smoot Creeks; *thence along with the top of the dividing ridge between said Sandlick and Smoot Creeks to the top of the knob between said Sandlick, Smoot and Dry Fork Creeks; thence still a south course along with the top of the dividing ridge between said Sandlick and Dry Fork Creeks to the top of the spur at a corner of the said dividing line* between said Nickels and said John Dixon Caudill and down along the top of said spur and down the hill an east course or southeast course to the beginning, *embracing* all of a 50 acre survey made in the name of David Tyree, *all of a 50 acre survey made in the name of G. B. Thomas*; all of two 100 acre surveys made in the name of John A. Caudill; all of a 50 acre and part of another 50 acre survey made in the name of John A. Caudill; *all of a 50 acre survey made in the name of Green B. Thomas*; all of a 50 acre survey made in the name of Andres Sexton." (Emphasis ours).

References to the various sources of title followed the above description.

The conflict is that if the dividing line is the ridge between Sandlick, Smoot, and Dry Fork creeks it does not embrace all of the G. B. Thomas 50-acre survey. Appellee claims that the eighteen acres in ques-

tion extend beyond the ridge, but appellee admits that they are in what was originally the fifty-acre survey. Which should prevail—the "dividing ridge" call or the "embracing all of a fifty-acre survey" call?

An examination of deeds previous to and subsequent to the B. E. Caudill deed shows that the eighteen acres were intended to have been conveyed. The Commonwealth of Kentucky granted a patent of fifty acres to Greenberry Thomas on November 29, 1844. A deed covering the identical metes and bounds conveyed the land from Thomas to John Caudill on August 18, 1848. On April 3, 1875, John A. Caudill conveyed "all the lands I owned or possessed on both sides of the creek (Sand Lick) * * * containing by estimation 250 acres" to W. H. Nickels. On January 2, 1896, W. H. Nickels conveyed the land to W. B. Nickels. This deed referred to the conveyance from Caudill to W. H. Nickels. The next deed is the one from the Nickelses to B. E. Caudill. Thus, it is indicated that the grantors in all of the previous deeds meant to and sought to convey the eighteen acres as part of the original fifty-acre survey.

In the subsequent deeds, the deed from B. E. Caudill to J. P. Back dated November 15, 1900, merely refers to and conveys the same land that Nickels conveyed to Caudill. The next deed from J. P. Back to C. H. Back dated January 29, 1917, conveyed the entire tract of the Greenberry Thomas survey. The following language from that deed includes the eighteen acres: " * * * and with the top of said ridge, N 28 19.5 poles to a sourwood and black oak on line of Green B. Thomas 50 acre survey of November 29, 1844, and with three lines of same reversed, N 88 30 W 41.3 poles to a stake corner to said survey, N 3 E 76 poles to a stake, S 67 E 49.4 poles to a stake near top of ridge between Smoot Creek and Sand Lick Creek * * *." This same description is found in the conveyance from C. H. Back to appellant on September 25, 1925. Thus, by viewing all these deeds as a whole, it can be seen that

the clear intention each time was to convey successively the entire Greenberry Thomas fifty-acre survey, of which the eighteen acres are a part.

The fundamental consideration in ascertaining what property is conveyed is the intention of the grantor. Chrisman v. Dennis, 308 Ky. 408, 214 S.W.2d 598; Billips v. Hughes, Ky., 259 S.W.2d 6. The rule is stated in Chrisman v. Dennis as follows:

"It is generally recognized that where a deed contains both a general and a particular description and contains no language indicating which description shall prevail, the general must yield to the particular. Hatcher v. Virginia Mining Co. et al., 214 Ky. 193, 282 S.W. 1102. On the other hand, where it is manifest from the entire instrument that the general description, in view of the facts and circumstances surrounding the transaction, most clearly reflects the intention of the grantor, the construction will be adopted which gives it full effect. McKinney et al. v. Raydure, 181 Ky. 163, 203 S.W. 1084."

In the Hatcher case mentioned, the general rule relied on by appellee and the exception relied on by appellant, as approved in Chrisman v. Dennis, are stated.

The problem of which is the general description and which is the particular description and their reconciliation is discussed in Bland v. Kentucky Coal Corporation, 306 Ky. 1, 206 S.W.2d 62. Under the rules stated, and in view of all of the circumstances attending the various conveyances referred to, it is concluded that the fifty-acre survey contains the eighteen acres in dispute and that the conflict in the Nickels-Caudill deed dated August 17, 1897, must be resolved in favor of the appellant.

In order to establish title to the minerals by adverse possession, the record in the case of C. H. Back v. S. B. Brown and Cleveland Halcomb was permitted to be introduced by appellee. That litigation concerned the cutting of timber and the title to surface rights. It was started about three months after the mineral rights under said surface, and now claimed by appellant, had been severed and conveyed to appellant's predecessor in title. C. H. Back's grantee in the mineral severance conveyance was not a party to the litigation.

Inasmuch as the parties, issues, and subject matter of the Back v. Brown and Halcomb action were not the same as here, such record was not admissible under KRS 422.150. Callihan v. Luster, Ky., 305 S.W. 2d 530. See also S. W. Anderson Co. v. Glenn, D.C., 43 F.Supp. 334. Accordingly, the court improperly admitted such record into evidence and improperly considered it in making a decision. Appellee attempts to distinguish Callihan but overlooks the requirements of identity of parties and issues.

In Vorhes v. Dennison, 300 Ky. 427, 189 S.W.2d 269, the rule was stated:

"Where ownership of the surface and of the minerals has been severed, title to the minerals may be acquired by adverse possession provided there has been actual, open, notorious, continuous, and hostile possession of the minerals for the statutory limitation period. The owner of the surface estate, or some other person, must have taken actual possession of the minerals by opening and operating mines for the statutory period. Mere possession of the surface will not give title to the minerals by adverse possession. (Citing cases)."

See also Diederich v. Ware, Ky., 288 S.W. 2d 643.

The record does not disclose any acts or conduct on the part of appellee or his predecessors in title showing any assertion of adverse possession of the mineral

rights in controversy. On the contrary, there was evidence to show that appellant had enjoyed peaceable possession of the property during the last thirty years. Thus, appellee failed to establish any title by adverse possession.

In view of the failure of appellee to establish title by adverse possession, and since it is conceded that appellant has the senior record title, the judgment below is erroneous.

Judgment reversed with direction to enter judgment in favor of appellant.