Conrad F. HANDY and Lou Handy,
Appellants,

v.

STANDARD OIL COMPANY (Incorporated in Kentucky), Appellee.

Court of Appeals of Kentucky.

Jan. 29, 1971.

Rehearing Denied July 2, 1971.

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellants.

Boyd Taylor, Hamm, Taylor, Milby & Farmer, London, for appellee.

CLAY, Commissioner.

This action was brought by appellee to quiet title to a strip of land bordering on Kentucky Highway 80 near London, Kentucky. Both appellants and appellee claim title through a common grantor. The Chancellor found that it was the intention of the grantor to convey the disputed property to appellee's predecessor in title.

The common grantor was Maggie Wyatt. In 1939 she acquired what is known as the "Gregory Tract", containing something over 50 acres, which lay south of Highway 80. In January 1940 she acquired from one Broughton another tract lying south of Highway 80. This last parcel included the property in dispute which lay between

a part of the Gregory tract and Highway 80, but that fact apparently was not known to Maggie. The deed described the property as that part of the grantor's land lying south of Highway 80, adjoining Maggie's land, and consisting of one-tenth of an acre more or less. At the time Maggie acquired this property she understood it to be a small triangular tract on which there was a dwelling house. In fact, this property acquired from Broughton extended westerly along Highway 80 approximately 400 feet.

In March 1965 she gave an option to buy the Gregory tract to one Oliver, through whom appellee claims. The description in that option referred to the property "as surveyed" by a named surveyor and referred to the 1939 deed to Maggie.

On November 7, 1967, upon exercise of the option by Oliver, Maggie conveyed what she thought was the Gregory tract to him. However, Oliver had had the property surveyed and the description in this deed was by metes and bounds. This description not only included the original Gregory tract but included a portion of the Broughton property which Maggie had acquired and which is the property in dispute. In the meantime, however, on August 6, 1965, after the execution of the option to Oliver but prior to the deed to him, Maggie conveyed some or all of the Broughton property to the appellants. This deed lies at the root of the controversy.

It first describes the property as "a part of" the tract conveyed by Broughton to Maggie. It then described the property by metes and bounds. This metes-and-bounds description encompasses a small triangular tract which does not include all of the property conveyed to Maggie by Broughton and does not include the property particularly described in her subsequent deed to Oliver. If the deed description stopped here, we would have no problem. However, the deed contains the following language:

"* * * it being the specific intention of first party to convey unto second parties all of the property which she acquired under above source of title (Broughton) which is not included in the proposed approach to said Interstate 75."

■ As a general rule where a deed contains both a particular and a general description of the property conveyed, the particular will prevail over the general. Hatcher v. Virginia Mining Co., 214 Ky. 193, 282 S.W. 1102 (1926); Chrisman v. Dennis, 308 Ky. 408, 214 S.W.2d 598 (1948); Billips v. Hughes, Ky., 259 S.W. 2d 6 (1953). However, this general rule has been qualified to the extent that if there is language in the deed which otherwise manifests an intention that the general description will prevail, it will be controlling. 72 A.L.R. 410; McKinney v. Raydure, 181 Ky. 163, 203 S.W. 1084 (1918).

In the deed under consideration we not only have a particular metes-and-bounds description but we have the recitation that the property conveyed is a "part of" the tract of land conveyed to Maggie by Broughton. As opposed to this, we have the recitation above quoted which would indicate that the particular description is meaningless. It is right here the difficulty arises. If the parties actually intended the conveyance to encompass all of the land conveyed by Broughton to Maggie, except the Interstate 75 approach, it was purposeless and misleading to have in the deed a metes-and-bounds description which had no relevance to the entire tract.

■ There is an obvious ambiguity. Under such circumstances it would appear reasonable to resort to the particular description, which would resolve the ambiguity in favor of the more limited estate. Even if this construction is not clearly indicated, we cannot say that considering the language of the deed as a whole it is manifest that the minds of the parties met on the conveyance of the greater estate.

This impels us to look further to ascertain the intention of the grantor, which is the fundamental consideration in a case of this sort. Letcher County Coal & Improvement Co. v. Marlowe, Ky., 398 S.W. 2d 870 (1965). Where the language in a deed is uncertain or ambiguous, it is proper to consider the situation of the parties, the objects which they had in view and the subsequent acts showing how it was construed. Sword v. Sword, Ky., 252 S.W.2d 869 (1952); Williams v. Williams, Ky., 259 S.W.2d 53 (1953).

The evidence shows that Maggie believed all of the Gregory tract extended to Highway 80. It was obviously the intention of Oliver when he entered into the option agreement, and later accepted a conveyance, to acquire the Gregory tract as extended to Highway 80. As a matter of fact, the deed of conveyance to him placed one of the boundary lines along the "south right of way line of Kentucky Route No. 80". It also appears that Maggie was under the impression that the only land she had bought from Broughton was the triangular parcel which was particularly described in the deed to appellants. Actually there was a fence separating this parcel from the land in dispute. Other circumstances are that appellants measured out on the ground this triangular parcel, and they prepared the deed describing it by metes and bounds.

Considering these circumstances, it appears to us, as it did the Chancellor, that it was the intention of Maggie to convey to Oliver the Gregory tract as extended to the highway, which would include the land in controversy. On the other hand, she intended to convey to appellants only the triangular tract particularly described in their deed. We think the intention of the grantor, in the light of the descriptions in the deeds and the surrounding circumstances, is here controlling and the Chancellor cor-rectly adjudged title to the disputed tract to be in appellee.

The judgment is affirmed.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.

NEIKIRK, J., not sitting.