**Herlin SHEPHERD, Appellant,**

v.

**BLUE DIAMOND COAL COMPANY, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1985.

Rehearing Denied Feb. 14, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court April 2, 1986.

William R. Penick, Hazard, for appellant.

Ralph D. Carter, Barret, Haynes & May, Hazard, for appellee.

Before COMBS, COOPER and MILLER, JJ.

MILLER, Judge.

Herlin Shepherd appeals a summary judgment (CR 56) ruling rendered in favor of appellee/Blue Diamond Mining Company (Blue Diamond) by the Perry Circuit Court on November 20, 1984. The trial judge found appellant's title was void because the conveyance to him was violative of Kentucky's champerty statute. KRS 372.070. We reverse.

In 1969, Blue Diamond approached Hence Shepherd, appellant's father and predecessor in title, stating it wished to build a road across his land. This road was to be used to haul coal. Appellant, in his deposition, stated that his father gave his permission to Blue Diamond and did not attempt to prevent them from building the road. Appellee has continued to use and maintain the road since it was constructed in 1969. Appellant knew of the existence of the road and was aware Blue Diamond was using it to haul coal. In 1971, appellant's father conveyed to him the land across which the haul road runs. In 1981, a year before he filed suit, appellant approached representatives of Blue Diamond to negotiate compensation for the use of this road. This request was ignored and appellant filed suit in September, 1982, alleging that Blue Diamond was trespassing on his land. Blue Diamond moved for summary judgment citing KRS 372.070. This statute reads in pertinent part as follows:

372.070. SALE OF LAND ADVERSELY HELD—SUBJECTION TO CLAIMS OF JUDGMENT CREDITOR.—(1) Any sale or conveyance, including those made under execution, of any land, or the pretended right or title thereto, of which any other person has adverse possession at the time of the sale or conveyance, is void; but this section does not render

void any devise of land in adverse possession.

It is apparent from a careful reading of the statute that this statute requires a finding that the party relying on the statute was in fact holding the property adversely at the time of the conveyance. Appellant alleges that the prior use was permissive, not adverse, and appellee simply denies same. Summary judgment is proper only when there is no real issue as to any material fact which is the subject of the lawsuit. *See Watts v. Carrs Fork Coal Company*, Ky., 275 S.W.2d 431 (1955). Appellant has put forth some evidence that the use prior to the time he acquired the property was permissive, hence he has passed the summary judgment milestone. If the prior use was permissive and not adverse, then the champerty statute is inapplicable.

For the foregoing reasons, the judgment of the Perry Circuit Court is reversed.

All concur.