NICKELL, JUDGE:
William and Dorothy Coblentz appeal from the Lincoln Circuit Court's order, entered May 8, 2014, declaring the deed to their farm void under KRS [1] 372.070. They also appeal the subsequent denial of their motion to set aside this order, entered January 9, 2015, and the final judgment, entered July 27, 2015, following a jury trial. For the reasons set forth below, we reverse and remand.
We begin by noting George Day filed no brief in this appeal. CR [2] 76.12(8)(c) sets forth penalties for such failure.
*386 If the appellee's brief has not been filed within the time allowed, the court may (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.
"The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." Roberts v. Bucci , 218 S.W.3d 395, 396 (Ky. App. 2007). In this instance, we accept the Coblentzes' statement of the facts and issues as correct.
The Coblentzes and Day own adjoining farms located in neighboring Lincoln and Garrard Counties. Title to the Coblentzes' farm was conveyed to them by Roy Lakes, who acquired it from Charles and Madge Fletcher.
The Fletchers originally believed the deed to their farm encompassed 137 acres, but a survey prior to conveyance revealed it actually encompassed 194 acres. However, when the Fletchers conveyed the farm to Lakes, the deed described the conveyed property as consisting of just 178 acres, excluding a sixteen-acre parcel, which it indicated was "in dispute."
Lakes held title to the farm for over eight years, but the record does not reveal Day and Lakes had any dispute regarding the approximately forty-one-acre disparity between the 137-acre farm originally thought to be owned by the Fletchers and the 178-acre farm conveyed to Lakes. However, fourteen years after Lakes conveyed the 178-acre farm to the Coblentzes, Day began claiming ownership of the forty-one acres through adverse possession. Day then filed a complaint seeking to quiet title to his farm and stating claims for adverse possession, trespass, theft of timber, and destruction of boundary markers. Day's complaint also alleged the deed to the Coblentz farm was void under the champerty statute, KRS 372.070, which voids a conveyance of land by a grantor to a grantee when the land is being held adversely by a third party. The Coblentzes filed an answer denying all of Day's claims.
The trial court subsequently entered partial summary judgment quieting title to Day's farm. The order also declared the deed to the Coblentz farm void for champerty and granted Day ownership of a portion of the farm through adverse possession. No evidence was presented to support Day's claim he adversely possessed part of the land Lakes deeded to the Coblentzes.
The Coblentzes then moved, pursuant to CR 60.02, to set aside the order granting partial summary judgment, arguing Day presented no proof of adverse possession. The trial court granted so much of the motion awarding Day ownership of a portion of the Coblentz farm. However, it declined to set aside its finding the deed was champertous. Day then voluntarily dismissed his claims for adverse possession and theft of timber. The Coblentzes prevailed on all remaining issues at a jury trial. The trial court's judgment following the jury verdict made the partial summary judgment entered in Day's favor final and appealable.
The Coblentzes argue the trial court erred in declaring their deed void for champerty because there was no evidence Day adversely possessed any portion of their land. They also argue the trial court abused its discretion when it denied, in part, their motion to set aside its order granting partial summary judgment to Day.
In reviewing a grant of summary judgment, we focus on "whether the trial *387 court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." Scifres v. Kraft , 916 S.W.2d 779, 781 (Ky. App. 1996) ; CR 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Steelvest, Inc. v. Scansteel Serv. Ctr., Inc. , 807 S.W.2d 476, 480 (Ky. 1991). "An appellate court need not defer to the trial court's decision on summary judgment and will review the issue de novo because only legal questions and no factual findings are involved." Hallahan v. The Courier-Journal , 138 S.W.3d 699, 705 (Ky. App. 2004).
This case involves application of KRS 372.070, also known as the champerty statute, which states "[a]ny sale or conveyance, including those made under execution, of any land, or the pretended right or title thereto, of which any other person has adverse possession at the time of the sale or conveyance, is void[.]" Statutory elements of adverse possession are "actual possession; open and notorious possession; exclusive possession; [and] hostile possession[.]" Cowherd v. Brooks , 456 S.W.2d 827, 830 (Ky. 1970). Possession does not need to be for any specific length of time. Wells v. Wells , 346 S.W.2d 33, 36 (Ky. 1961). "To render the conveyance champertous, and therefore void, it is sufficient if the adverse character of the possession is such as would ripen into a fee simple title under the limitation adverse possession rule had it continued uninterruptedly for the period prescribed." Id. Summary judgment is improper if there are grounds for reasonable minds to differ on whether use of certain property was adverse. Shepherd v. Blue Diamond Coal Co. , 706 S.W.2d 1, 2 (Ky. App. 1985).
In this case, the Coblentzes filed an answer denying Day's claims. Day did not provide proof showing he met all the elements for adverse possession under KRS 372.070. Based on this absence of evidence, reasonable minds could conclude Day did not adversely possess any part of the Coblentzes' farm. Therefore, genuine issues of fact remain regarding Day's claim the deed Lakes conveyed to the Coblentzes was void for champerty, and partial summary judgment was improper. Because we conclude partial summary judgment should not have been granted on Day's champerty claim, we need not address the Coblentzes' argument the trial court abused its discretion by denying their subsequent motion to set aside this order.
For the foregoing reasons, the judgment of the Lincoln Circuit Court is reversed and this matter is remanded for further proceedings consistent with this Opinion.
ALL CONCUR.

Kentucky Revised Statutes.

Kentucky Rules of Civil Procedure.